| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT |
|---|---|---|
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO: 49D11-1206-PL-024292 |

MATT SLABAUGH and BOBBIE SLABAUGH, )
)
)
Plaintiffs, )
)
v. )
)
STATE FARM FIRE & CASUALTY CO., )
and LG ELECTRONICS USA, INC., )
)
Defendants. )

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT LG

Plaintiff, Matt Slabaugh, by counsel, and pursuant to Rule 33 of the Indiana Rules of Trial Procedure, requests that Defendant, LG Electronics USA, Inc., answer the following Interrogatories separately and fully, in writing and under oath, within thirty (30) days from the date of service hereof.

## INSTRUCTIONS FOR RESPONDING

In responding to these Interrogatories, you must furnish all information available to you, including information in the possession of your attorneys, investigators, and all persons acting on your behalf and not merely such information known of your own personal knowledge. If you cannot respond to the discovery in full after exercising due diligence to secure the information, answer to the extent possible, specifying your inability to answer the remainder and state whatever information or knowledge you have concerning the unanswered portions and efforts you have undertaken to secure the information sought. You are advised that you are obligated to answer these Interrogatories calling upon all information known to you personally and also all

information available to you, including information in the possession of your attorneys, investigators, employees, insurers, or agents. To deny personal knowledge of the facts which are in the possession of these individuals is an insufficient answer which may subject you to sanctions from the Court. If the space provided for your answer is inadequate, please continue your answer on a separate sheet, numbering the continuation to correspond with the interrogatory you are answering.

You are required to supplement the answers given in these Interrogatories with additional answers as to each interrogatory addressed to (a) the identity and location of persons having knowledge of discoverable matters, and (b) the identity of each person expected to be called as an expert witness at trial and the subject matter on which he/she is expected to testify. You are also required to supplement the answers given in these Interrogatories as subsequently (a) you obtain information upon the basis of which you know the response was incorrect when made, or (b) you obtain information upon the basis of which you know the response though correct when made is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment.

Additionally, the Interrogatories which follow are to be considered as continuing, and you are requested to provide, by way of supplemental answers and responses thereto, such additional information as you or any other person acting in your behalf may hereafter obtain which will augment or otherwise modify the response as first given. Such supplemental responses are to be served upon the undersigned counsel within thirty (30) days after receipt of such information.

If you object to or otherwise decline to comply with any portion of any interrogatory, provide all information requested by that portion of the interrogatory to which you do not object

or with which you do not decline to comply. If you object to an interrogatory on the ground that it is too broad, provide all information that you concede is relevant. If you object to an interrogatory on the ground that to provide the requested discovery would constitute an undue burden, provide all requested discovery that can be supplied without undertaking what you claim is an undue burden. For those portions of any interrogatory to which you object or with which you decline to comply, state the reason or reasons for your objection or declination.

## DEFINITIONS

To avoid the unnecessary repetition of the following references in each instance where the term appears, the following definitions are to be inserted as if fully restated in each instance in the following Interrogatories where the term appears.

1. "Action," "this lawsuit" or "this litigation" means the above-captioned case.

2. The term "or" is used in its inclusive sense and should be read as "and/or."

3. Singular forms of any nouns or pronouns include the plural number and vice versa. Masculine forms of any nouns or pronouns include the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

4. "Documents" means any document in your possession or control, or in the possession or control of your counsel, that relates to the subject of the request. Without limitation, "documents" includes: personal notes, memoranda, correspondence and letters either sent or received, audio or video recordings, telegrams, interviews, agreements, contracts, requests for proposals or bids, purchase orders, invoices, proposals, bids, leases, outlines, minutes, reports, summaries, check lists, charts, forms, notebooks, work papers, graphs, drawings, photographs, published materials, brochures, sales literature, price lists, advertising literature, handbooks, manuals, instructions, records, microfiche or microfilm, documents stored

on a computer disk, drive, or server, audio or video records, database files, electronic mail, facsimiles, checks, receipts, ledgers, spreadsheets, statements, calendars, appointment books, Day Timers, diaries or journals, expense reports, travel records, mileage records, telephone messages, voice mails, text messages, address lists or books, Rolodex files, summaries of records of telephone conversations, chronologies, and all drafts of such documents (including all edited versions).

The term "documents" includes but is not limited to any electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software), including but not limited to any electronically stored data on computers, servers, hard drives, storage drives, PDAs, cell phones, smart phones, or any other handheld electronic devices; any "deleted" but recoverable electronic files on said media; any electronic file fragments (files that have been deleted and partially overwritten with new data); and slack (data fragments stored randomly from random access memory on a hard drive during the normal operation of a computer [RAM slack] or residual data left on the hard drive after new data has overwritten some but not all of previously stored data).

Electronically stored data should be produced in its original (electronic) format, such as .doc files for Word documents, .msg files for Outlook emails, etc., and should be produced in a manner such that all metadata and electronic information is preserved and viewable.

5. The terms "relate to," "related to," or "relating to" shall mean pertaining to, recording, evidencing, constituting, concerning, containing, setting forth, embodying, revealing, reflecting, referring to, showing, disclosing, describing, explaining, or summarizing. A "document" "relates" to the subject matter of the Request if the subject matter of the document is then identified in the Interrogatory or if the document describes, refers to, serves as a basis for, is

derived from, is produced as the result of, incorporates, suggests, relies upon, is part of, or in any other way logically is connected to the subject matter of the inquiry.

6. "Communications" mean, without limitation, any effort to receive or convey information, whether oral or written, including but not limited to correspondences, exchanges of written or recorded information, face-to-face meetings, an electronic, facsimile, or telephone communications.

7. "Identify" or "identity," when used in reference to:

    (a) a natural person, means to state the person's:

        (i) full name;

        (ii) present or last known home and business address; and

        (iii) telephone number.

    (b) a person other than a natural person (*i.e.*, a corporation, company, association, partnership, joint venture or other entity) means to state:

        (i) its full name; and

        (ii) the address of its principal place of business.

    (c) a document means to provide:

        (i) its description (*e.g.*, letter, memorandum, report, etc.);

        (ii) its title and date and the number of pages;

        (iii) author;

        (iv) summary of the contents; and

        (v) its present location and its custodian's identity.

If any document was, but is no longer, in your possession or subject to your control, state what disposition was made of it and when that disposition was made and the identity of the person

who authorized the disposition and made the disposition.

8. "Plaintiffs" or the "Slabaughs" mean Matt Slabaugh and Bobbie Slabaugh, parties to this litigation.

9. "Insured Event" means the discharge of water into the Slabaughs' home on June 23, 2011 and resulting damage, as described in the Complaint.

10. "Slabaughs' Manufacturer Claim" means the claim made by the Slabaughs to you regarding the Insured Event on or about June 23, 2011, as set forth in the Complaint and including but not limited to the claim referred to by you as GA110670.

11. "Washer" means the LG clothes washing machine as referred to in the Complaint, including specifically in Paragraph 6 of the Complaint.

12. "Washer Components" means the parts of the Washer that were sent to you for testing in June, 2011, and then returned to the Slabaughs by you in August, 2011, as set forth in the Complaint.

13. \"Slabaughs' Insurance Claim" means the claim made by the Slabaughs to State Farm regarding the Insured Event, as set forth in the Complaint and including but not limited to the claim referred to by State Farm as claim number 14-G093-737.

14. "You" or "your" means Defendant LG Electronics USA, Inc., including any of its affiliates, subsidiraties, parent companies, partners, agents, associates, consultants, employees, independent contractors, advisors, accountants, attorneys and/or representatives, specifically including but not limited to its insurance carrier Mitsui Sumitomo Insurance Group and the claim specialist assigned to the Slabaughs' claim against LG, Elsie Plocic.

15. "State Farm" means Defendant State Farm Fire & Casualty Co., including any of its affiliates, subsidiaries, parent companies, partners, agents, associates, consultants, employees, independent contractors, advisors, accountants, attorneys and/or representatives.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each and every person who helped you answer these Interrogatories or helped you prepare the answer to the Interrogatories. For each such person, identify the specific Interrogatory or Interrogatories for which he or she provided information, the information he or she provided, and whether that person has personal knowledge of the information set forth in the responses.

**RESPONSE:**

**INTERROGATORY NO. 2:** Identify each and every person, including any and all of your employees, contractors, or agents, who handled, worked on, supervised, or otherwise were involved with the Slabaughs' Manufacturer Claim, including but not limited to Katarzyna Krickovic and/or Elsie Plocic, and for each such person provide a summary of the work or involvement he/she had with the Slabaughs' Manufacturer Claim and whether he/she is currently an employee of yours.

**RESPONSE:**

**INTERROGATORY NO. 3:** Identify each person known to you who possess, claim to possess or are believed to possess information relevant to the matters and allegations set forth in the Complaint or any defenses you may have in this matter, including specifically any individual or entity involved in evaluating or assessing the Slabaughs' Manufacturer Claim and/or any determination as to whether the Washer and/or Washer Components contained any defects or otherwise failed and caused the Insured Event, and in doing so provide the individual's complete name, social security number, address, telephone number, a summary of the relevant information that person is believed to possess, and the relationship, if any, to you.

**RESPONSE:**

**INTERROGATORY NO. 4:** Identify any evidence, documents or statements that you possess or of which you have knowledge that relate to the matters and allegations set forth in the Complaint or any defenses you may have thereto, and for each such document or statement, provide a summary of its contents and the identity of the individual or entity who currently possesses it.

**RESPONSE:**

**INTERROGATORY NO. 5:** Describe all communications, including meetings, conversations, correspondence, or other communications, you have had or of which you are aware relating to the Slabaughs' Manufacturer Claim, and for each such communication identify

the individuals who were party to the communication, the medium in which the communication was made, the date and time of the communication, and identify any documents relating to or evidencing the communication.

**RESPONSE:**

**INTERROGATORY NO. 6:** State the amount of settlement authority or loss reserve you provided, identified, set aside, or otherwise assigned to the Slabaughs' Manufacturer Claim including, to the extent that this amount changed or was revised at any time, the date on which said change(s) or revision(s) occurred, the nature of those change(s) or revision(s), and the reasons therefore, and identify any documents supporting, relating to or evidencing the settlement authority or loss reserve as described herein.

**RESPONSE:**

**INTERROGATORY NO. 7:** Describe in detail all communications, meetings, or phone calls you have had with State Farm in this action regarding the issues set forth in the Complaint, including but not limited to any such communications, meetings, or phone calls conducted prior or subsequent to the filing of this litigation, and for each such communication, meeting, or phone call, identify the parties or individuals who received or participated in the communication, meeting or phone call, state the date and time when and location where the communication, meeting, or phone call took place, identify any documents that were discussed, reviewed or exchanged during or in the communication, meeting, or phone call, and provide a detailed description of the substance of the information discussed, shared, or conveyed during or within the communication, meeting or phone call.

**RESPONSE:**

**INTERROGATORY NO. 8:** Describe in detail the chain of custody for the Washer Components during the period of time that they were in your possession, including specifically: the date and location where you first received or otherwise took possession of the Washer Components from the Slabaughs; whether the Washer Components remained at that location or, if they were shipped or otherwise moved elsewhere, the date(s) on which they were shipped or moved, the location(s) to which they were sent, and the method(s) of shipping or moving; identify each individual who possessed, inspected, tested or otherwise handled the Washer Components while it was in your possession as well as the date and location of any such inspection, testing, or handling; and identify any documents evidencing or relating to your possession of the Washer Components including but not limited to any documents evidencing the location of and tests done to the Washer Components as well as any shipping or mailing documents evidencing when and where the Washer Components were received, transferred, moved, or returned to the Slabaughs by you.

**RESPONSE:**

**INTERROGATORY NO. 9:** Describe any testing, analysis, or inspection that you have done on the Washer and/or the Washer Components, including the specific date(s) and location where any such actions were taken, the identity of anyone who conducted testing,

analysis or inspection or was present when such actions were taken, and a detailed summary of the findings or conclusions.

**RESPONSE:**

**INTERROGATORY NO. 10:** Describe in detail any features, designs, parts, or similar mechanisms, that prevent, or are meant to prevent, the accidental or involuntary discharge of water from the Washer.

**RESPONSE:**

**INTERROGATORY NO. 11:** Describe in detail any studies, analyses or tests you, or another party on your behalf, has conducted with regard to the propensity of clothes washers manufactured by you, including but not limited to the Washer, to accidentally or involuntarily discharge water, including specifically the number of such tests that were performed, a description of the methodology for each such test, the name or test number by which the test results are referred, a summary of the test results, the identity of each person involved in the performance of such tests or analyses, and identify any documents evidencing, arising out of or relating to these test or analyses.

**RESPONSE:**

**INTERROGATORY NO. 12:** State the date of manufacture of the Washer, the name and address of the facility where it was manufactured, the date it left your control, and the identity of the person or entity to whom it was sold.

**RESPONSE:**

**INTERROGATORY NO. 13:** Provide an itemized list and detailed description of all complaints, notices, reports, claims, suits, or other communications you have received, relating to an incident where a clothes washer manufactured by you accidentally or involuntarily discharged water, and for each such communications identify the individual who made the communication to you, provide a summary of the communication's contents, the method of communication and date on which it was received, the specific model of clothes washer to which it relates, and the resolution, if any, that was reached between you and the individual making the communication including but not limited to any determination of what caused the discharge of water.

**RESPONSE:**

**INTERROGATORY NO. 14:** Describe all communications you have had with State Farm to coordinate any testing, analysis, or inspection of the Washer and/or the Washer components, including the specific date(s) on which any such communications were made, the medium of those communications, the identity of anyone who was party to said communications, and a detailed summary of the substance of those communications.

**RESPONSE:**

**INTERROGATORY NO. 15:** To the extent you intend to assert or have asserted a defense in this case that depends or relies upon any government or industry standard, custom or practice, identify and specifically describe each such government standard and/or industry standard, custom or practice, including for each a listing of the authorities in which those customs, standards or practices can be found.

**RESPONSE:**

**INTERROGATORY NO. 16:** Identify all individuals who were primarily responsible for the design, engineering, and safety engineering of the Washer, and for each such individual provide a summary of their responsibilities and state whether he/she is still an employee of yours.

**RESPONSE:**

**INTERROGATORY NO. 17:** Identify all department heads responsible for the testing, designing, manufacturing, and safety engineering of the Washer, and for each such individual provide a summary of their responsibilities and state whether he/she is still an employee of yours.

**RESPONSE:**

**INTERROGATORY NO. 18:** To the extent that you contend Plaintiffs have not been damaged, in whole or in part, as set forth in the Complaint, provide a detailed description of the reasons for this claim and identify any documents or facts that support or otherwise relate to this contention.

**RESPONSE:**

**INTERROGATORY NO. 19:** Identify each expert witness you have retained or employed for this matter or whom you intend to call at trial, and for each state:

(a) the name, address, and a brief description of the expert's background as applicable to this matter;

(b) the present occupation of the expert witness;

(c) the subject matter on which each expert is expected to testify;

(d) the substance of the facts and opinions to which each expert is expected to testify; and

(e) give a detailed summary of the grounds for each opinion to which each expert is expected to testify.

**RESPONSE:**

## **VERIFICATION**

I affirm, under the penalties for perjury, that the foregoing representations are true.

By: _____          Date: _____

    Representative of LG Electronics USA, Inc.

Name (printed):_____          Title:_____

Respectfully submitted,

COX LAW OFFICE

_____
Jacob R. Cox, Attorney No. 26321-49
Cox Law Office
1606 N. Delaware Street
Indianapolis, Indiana 46208
jcox@coxlaw.org
(T): 317.884.8550
(F): 317.660.2453

Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following, via United States first class mail, postage prepaid, on the 25th day of July, 2012:

Dennis F. Cantrell
Anna M. Mallon
Cantrell, Strenski & Mehringer LLP
150 W. Market Street, Suite 800
Indianapolis, Indiana 46204

Edward W. Hearn
Susan K. Swing
Johnson & Bell, Ltd.
11051 Broadway, Suite B
Crown Point, Indiana 46307

_____
Jacob R. Cox