| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT |
| --- | --- | --- |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO: 49D11-1206-PL-024292 |

| MATT SLABAUGH and BOBBIE SLABAUGH, | ) |
| --- | --- |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| STATE FARM FIRE & CASUALTY CO., and LG ELECTRONICS USA, INC., | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LG

Plaintiffs, Matt Slabaugh and Bobbie Slabaugh (herein the "Slabaughs"), by counsel and pursuant to Rule 34 of the Indiana Trial Rules, for their First Request for Production of Documents (the "Requests"), hereby request that Defendant, LG Electronics USA, Inc., produce for inspection and copying within 30 days of receipt, at the Cox Law Office, 1606 N. Delaware Street, Indianapolis, Indiana, 46202, the documents specified herein.

These Requests are to be considered as continuing and Defendant is requested to provide, by way of supplementary answers and responses thereto, such additional information or documents as Defendant or any other person acting on its behalf may hereafter obtain which will augment or otherwise modify the responses first given.

If you consider any discovery request to seek documents or information which is privileged or otherwise protected from discovery, with respect to each such document or information which would otherwise be produced or disclosed, make the claim expressly and describe the nature of the documents, communications, or other things not produced or disclosed,

in a manner that will enable other parties to assess the applicability of the privilege or protection. Such a description shall include, but is not limited to, the following:

    a. A statement of the grounds on which the claim of privilege or right to withhold is based, including all facts that support the claim or right;

    b. A description of the document, including the type of document, number of pages, date, and general nature of the document's contents;

    c. A statement identifying the person or persons who prepared the document; and

    d. A statement identifying the person or persons who received the document or copies thereof.

Pursuant to Rule 34 of the Indiana Trial Rules, Defendant is requested to produce the requested documents organized and labeled to correspond with the specific Requests numbered below.

## DEFINITIONS

1. "Action," "this lawsuit" or "this litigation" means the above-captioned case.

2. The term "or" is used in its inclusive sense and should be read as "and/or."

3. Singular forms of any nouns or pronouns include the plural number and vice versa. Masculine forms of any nouns or pronouns include the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

4. "Documents" means any document in your possession or control, or in the possession or control of your counsel, that relates to the subject of the request. Without limitation, "documents" includes: personal notes, memoranda, correspondence and letters either sent or received, audio or video recordings, telegrams, interviews, agreements, contracts, requests for proposals or bids, purchase orders, invoices, proposals, bids, leases, outlines, minutes, reports, summaries, check lists, charts, forms, notebooks, work papers, graphs,

drawings, photographs, published materials, brochures, sales literature, price lists, advertising literature, handbooks, manuals, instructions, records, microfiche or microfilm, documents stored on a computer disk, drive, or server, audio or video records, database files, electronic mail, facsimiles, checks, receipts, ledgers, spreadsheets, statements, calendars, appointment books, Day Timers, diaries or journals, expense reports, travel records, mileage records, telephone messages, voice mails, text messages, address lists or books, Rolodex files, summaries of records of telephone conversations, chronologies, and all drafts of such documents (including all edited versions).

The term "documents" includes but is not limited to any electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software), including but not limited to any electronically stored data on computers, servers, hard drives, storage drives, PDAs, cell phones, smart phones, or any other handheld electronic devices; any "deleted" but recoverable electronic files on said media; any electronic file fragments (files that have been deleted and partially overwritten with new data); and slack (data fragments stored randomly from random access memory on a hard drive during the normal operation of a computer [RAM slack] or residual data left on the hard drive after new data has overwritten some but not all of previously stored data).

Electronically stored data should be produced in its original (electronic) format, such as .doc files for Word documents, .msg files for Outlook emails, etc., and should be produced in a manner such that all metadata and electronic information is preserved and viewable.

5. The terms "relate to," "related to," or "relating to" shall mean pertaining to, recording, evidencing, constituting, concerning, containing, setting forth, embodying, revealing, reflecting, referring to, showing, disclosing, describing, explaining, or summarizing. A "document" "relates" to the subject matter of the Request if the subject matter of the document is

then identified in the Interrogatory or if the document describes, refers to, serves as a basis for, is derived from, is produced as the result of, incorporates, suggests, relies upon, is part of, or in any other way logically is connected to the subject matter of the inquiry.

6. "Communications" mean, without limitation, any effort to receive or convey information, whether oral or written, including but not limited to correspondences, exchanges of written or recorded information, face-to-face meetings, an electronic, facsimile, or telephone communications.

7. "Identify" or "identity," when used in reference to:

    (a)    a natural person, means to state the person's:

        (i)    full name;

        (ii)    present or last known home and business address; and

        (iii)    telephone number.

    (b)    a person other than a natural person (*i.e.*, a corporation, company, association, partnership, joint venture or other entity) means to state:

        (i)    its full name; and

        (ii)    the address of its principal place of business.

    (c)    a document means to provide:

        (i)    its description (*e.g.*, letter, memorandum, report, etc.);

        (ii)    its title and date and the number of pages;

        (iii)    author;

        (iv)    summary of the contents; and

        (v)    its present location and its custodian's identity.

If any document was, but is no longer, in your possession or subject to your control, state what disposition was made of it and when that disposition was made and the identity of the person

who authorized the disposition and made the disposition.

8. "Plaintiffs" or the "Slabaughs" mean Matt Slabaugh and Bobbie Slabaugh, parties to this litigation.

9. "Insured Event" means the discharge of water into the Slabaughs' home on June 23, 2011 and resulting damage, as described in the Complaint.

10. "Slabaughs' Manufacturer Claim" means the claim made by the Slabaughs to you regarding the Insured Event on or about June 23, 2011, as set forth in the Complaint and including but not limited to the claim referred to by you as GA110670.

11. "Washer" means the LG clothes washing machine as referred to in the Complaint, including specifically in Paragraph 6 of the Complaint.

12. "Washer Components" means the parts of the Washer that were sent to you for testing in June, 2011, and then returned to the Slabaughs by you in August, 2011, as set forth in the Complaint.

13. "Slabaughs' Insurance Claim" means the claim made by the Slabaughs to State Farm regarding the Insured Event, as set forth in the Complaint and including but not limited to the claim referred to by State Farm as claim number 14-G093-737.

14. "You" or "your" means Defendant LG Electronics USA, Inc., including any of its affiliates, subsidiraties, parent companies, partners, agents, associates, consultants, employees, independent contractors, advisors, accountants, attorneys and/or representatives, specifically including but not limited to its insurance carrier Mitsui Sumitomo Insurance Group and the claim specialist assigned to the Slabaughs' claim against LG, Elsie Plocic.

15. "State Farm" means Defendant State Farm Fire & Casualty Co., including any of its affiliates, subsidiaries, parent companies, partners, agents, associates, consultants, employees, independent contractors, advisors, accountants, attorneys and/or representatives.

## REQUESTS FOR PRODUCTION

REQUEST NO. 1:   All documents, including but not limited to any correspondence, emails, logs, text messages, or other documents, relating to, referencing, or evidencing communications between you and the Slabaughs from June 23, 2011, to January 1, 2012.

RESPONSE:

REQUEST NO. 2:   All documents, including but not limited to any correspondence, emails, logs, text messages, or other documents, relating to, referencing, or evidencing communications between you and State Farm regarding the Slabaughs' Insurance Claim and/or the Insured Event from June 23, 2011 to present.

RESPONSE:

REQUEST NO. 3:   All documents, including but not limited to any correspondence, emails, notes, text messages, internal documents, or other documents, in your possession relating to, referencing, or evidencing communications by or documents in the possession of you and/or anyone else regarding the Slabaughs, the Washer Components, the Slabaughs' Manufacturer Claim, or the Slabaughs' Insurance Claim.

RESPONSE:

REQUEST NO. 4:   All documents evidencing, setting forth, or otherwise relating to information or instructions provided to your employees and agents, including but not limited to training guides or materials, emails, news bulletins, operation guides, procedure memos, claim-handling manuals, employee manuals, personnel manuals, supervisors manuals, manager manuals, policy interpretation documents, or other documents, regarding how claims and/or the testing of allegedly defective parts or components, such as the Washer Components, are to be handled by your adjustors, employees and or agents and that were provided, given, or otherwise made available to any of your employees, contractors, or similar agents who handled, worked on, or otherwise were involved in the handling of the Slabaughs' Manufacturer Claim, including but not limited to such employees, agents or contractors as Katarzyna Krickovic and/or her supervisors or managers.

RESPONSE:

REQUEST NO. 5:   A complete copy of the owner's manual, user's manual, service manual, repair manual, parts list, warranty documents, or other ownership, use, service or maintenance documents relating to the Washer.

RESPONSE:

REQUEST NO. 6:   A complete copy of any and all file(s), including any claim file(s), you maintain for or in relation to the Slabaughs, the Slabaughs' Manufacturer Claim, the Insured Event, and/or the Washer Components.

RESPONSE:

REQUEST NO. 7: All documents that were obtained by you from, or produced to you by, non-parties or State Farm in relation to the Insured Event, the Slabaughs' Manufacturer Claim, the Slabaughs' Insurance Claim, and/or those matters set forth in the Complaint.

RESPONSE:

REQUEST NO. 8: All documents, including but not limited to emails, statements, affidavits, or other documents, relating to or evidencing communications with non-parties or State Farm, by you or anyone else, in relation to the Insured Event, the Slabaughs' Manufacturer Claim, the Slabaughs' Insurance Claim, and/or those matters set forth in the Complaint.

RESPONSE:

REQUEST NO. 9: All documents, including but not limited to any pictures, videos, reports, memos, emails, or other documents, evidencing, referencing, or relating to any testing, analysis, or inspection of the Washer and/or the Washer Components.

RESPONSE:

REQUEST NO. 10: All invoices, contracts, installation orders, repair orders, or other documents relating to the sale, delivery, installation and/or repair of the Washer.
RESPONSE:

REQUEST NO. 11: All documents evidencing, containing or relating to claims or notices of complaints and/or inquiries relating to alleged injuries or defects associated with the accidental or involuntary discharge of washer from LG clothes washers from January 1, 2002 to present.
RESPONSE:

REQUEST NO. 12: Any and all complaints or lawsuits filed by any plaintiff against you in relation to the purported accidental or involuntary discharge of water from an LG clothes washer.
RESPONSE:

REQUEST NO. 13: Any and all documents, warranties, brochures, labels or other materials that were subsequently added to the subject Washer since the time of its manufacture.
RESPONSE:

REQUEST NO. 14: All documents, including but not limited to an organizational chart, book or manual, that include and/or describe the departments, committees or groups involved in the design, distribution, sale and testing of the Washer.
RESPONSE:

REQUEST NO. 15: All documents containing or evidencing engineering drawings, blueprints, and/or specifications for the Washer.
RESPONSE:

REQUEST NO. 16: All documents containing, evidencing, or relating to the test protocol, test result, analysis, summary, videotape, photograph, film, or other written or recorded item, for
RESPONSE:

REQUEST NO. 17: Any and all documents relating to or evidencing consideration and design alternatives to minimize the risk of accidental or involuntary discharge of water from LG clothes washers.
RESPONSE:

REQUEST NO. 18: All documents, including but not limited to correspondence, emails, inter-office memoranda, reports, summaries, or other written or recorded items, relating to the accidental or involuntary discharge of water from LG clothes washers from January 1, 2001 to present.
RESPONSE:

REQUEST NO. 19: All documents evidencing or relating to communications with the Consumer Products Safety Commission, the Association of Home Appliance Manufacturers, Underwriters Laboratories, and/or any other industry consumer or federal organization or agency, in relation to the accidental or involuntary discharge of water from LG clothes washers from January 1, 2001 to present.
RESPONSE:

REQUEST NO. 20: A complete copy of any insurance policy under which you have sought or intend to seek, coverage and/or reimbursement, in part or whole, for any costs you incur or judgment against you in relation to the matters set forth in the Complaint.

RESPONSE:

REQUEST NO. 21: A copy of any and all document retention policy or policies that you had in place or otherwise followed from January 1, 2002 to present.

RESPONSE:

REQUEST NO. 22: All exhibits that you intend to offer at the trial of this matter.

RESPONSE:

REQUEST NO. 23: All documents identified, reviewed, or relied upon in answering the Complaint or any Interrogatories served on you in this litigation that have not been previously produced in response to these requests.

RESPONSE:

REQUEST NO. 24: All documents or physical evidence relating to or supporting any defenses or factual allegations you have or will make in your responsive pleading, including any Answer, Counterclaims, Cross Claims, Third Party Claims, or Affirmative Defenses, to the Complaint that have not been previously produced in response to these requests.

RESPONSE:

Respectfully submitted,

COX LAW OFFICE

_____
Jacob R. Cox, Attorney No. 26321-49
Cox Law Office
1606 N. Delaware Street
Indianapolis, Indiana 46208
jcox@coxlaw.org
(T): 317.884.8550
(F): 317.660.2453

Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon the following, via United States first class mail, postage prepaid, on the 25th day of July, 2012:

Dennis F. Cantrell
Anna M. Mallon
Cantrell, Strenski & Mehringer LLP
150 W. Market Street, Suite 800
Indianapolis, Indiana 46204

Edward W. Hearn
Susan K. Swing
Johnson & Bell, Ltd.
11051 Broadway, Suite B
Crown Point, Indiana 46307

_____
Jacob R. Cox