UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MATTHEW SLABAUGH, <br> BOBBIE SLABAUGH, <br>                Plaintiffs, <br><br> vs. <br><br> STATE FARM FIRE & CASUALTY CO., <br> LG ELECTRONICS USA, INC., <br> LG ELECTRONICS, INC., <br><br>                Defendants. <br> _____ <br><br> STATE FARM FIRE & CASUALTY CO., <br><br>                Cross Claimants, <br><br> vs. <br><br> LG ELECTRONICS USA, INC., <br><br>                Cross Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    No. 1:12-cv-01020-RLY-MJD <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER ON MOTION TO COMPEL DISCOVERY RESPONSES**

     This matter comes before the Court on Matthew and Bobbie Slabaugh's ("Plaintiffs") Motion to Compel Discovery Responses from Defendant LG Electronics USA, Inc. ("Defendant"). For the following reasons, the Court hereby **GRANTS** Plaintiffs' motion.

### I.   Background

     Plaintiffs' case against Defendant involves claims for negligence and strict products liability. [Dkt. 1-1 at 22-24.] In 2011, Plaintiffs' home suffered water damage, allegedly caused

1

by defective components in their LG brand washing machine. [*Id.*] Plaintiffs filed suit in state court in June of 2012, and their case was removed to this Court in July of 2012. [Dkt. 67 at 4.] Plaintiffs served Defendant with their Interrogatories and their Requests for Production of Documents on July 25, 2012. [*Id.*] Because the case was removed to federal court, a Rule 26(f) conference was held on August 9, 2012, and Defendant's answers and responses were not due until September 8, 2012. [*Id.*] However, Defendant made no response until November 7, 2012. [*Id.* at 5-6] Plaintiffs found this initial response "woefully deficient," and Defendant served an amended response on November 26, 2012 that "did not remove most of the baseless objections that had been discussed during the Rule 37 conference and similarly did not produce a number of documents that had been withheld." [*Id.* at 6-7.] Although Defendant sent Plaintiffs a diagram of the washer's printed circuit board, obtained from Defendant's parent company in Korea, Defendant did not produce further information or documents, except for "emails regarding the analysis and testing of the Washer components by LG's agents in Korea." [*Id.* at 7.]

Accordingly, Plaintiffs filed this Motion to Compel on February 11, 2013, arguing that Defendant's objections are baseless, that any objections were waved by Defendant's failure to respond in a timely manner, and that Defendant has sufficient control over the requested documents to compel production. [*Id.* at 8-16.] While "Defendant does not dispute the timing and procedural contentions made by Plaintiffs related to the effective dates of service for discovery in this case," Defendant argues that it already provided Plaintiffs with the information necessary and relevant to Plaintiffs' claims. [Dkt. 69 at 14, 17.] At the hearing on this Motion, the Court heard these arguments as well as Plaintiffs' arguments for sanctions, including Rule 37 sanctions and an adverse inference against Defendant that its washing machine was defective.

## II.   Discussion

Rule 37 permits a party to file a motion to compel a required disclosure upon "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a). A required disclosure, as broadly defined by Rule 26, includes any information that a party may use to support its claims. Fed. R. Civ. P. 26 (a)(1)(A). Additionally, "the court may order discovery of any matter relevant" to the issues of the case, for good cause. Fed. R. Civ. P. 26 (b)(1). "Thus, the scope of discovery should be broad in order to aid in the search for truth." *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006) (citing to *Tice v. American Airlines, Inc.*, 192 F.R.D. 270, 272 (N.D.Ill.2000)); *see United States v. White*, 950 F.2d 426, 430 (7th Cir.1991). Ultimately, this Court has "broad discretion in discovery matters, [including a] motion to compel discovery." Packman v. Chicago Tribune Co., 267 F.3d 628, 646 (7th Cir. 2001) (citing Kalis v. Colgate-Palmolive Co., 231 F.3d 1049, 1056 (7th Cir. 2000)).

### A. Defendant Waived its Right to Object to Plaintiffs' Interrogatories and Requests for Production of Documents

An objection to interrogatories or to a request for production of documents not raised in a timely manner is considered waived, unless the Court excuses the failure "for good cause." Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived"); Fed. R. Civ. P. 34(b)(2) ("The party . . . must respond within 30 days"). The Seventh Circuit has held that the district court "must consider relevant objections," regardless of the timeliness of the objection. *Cont'l Ins. Co. v. Chase Manhattan Mortgage Corp.*, 59 F. App'x 830, 839 (7th Cir. 2003). However, such relevant objections are limited to the delinquent party's objection based on an inability or incapacity to produce the requested responses or documents. *See id.* (finding the district court's refusal to consider the party's undue burden objection an abuse of discretion); *United Auto. Ins. Co. v. Veluchamy*, 747 F. Supp. 2d 1021, 1032 (N.D. Ill. 2010) (holding that

3

noncompliance with Rule 26 can result in a waiver of the attorney-client privilege, work-product protection, and even protection from the Fifth Amendment); *Ritacca v. Abbott Laboratories*, 203 F.R.D. 332, 335 (N.D. Ill. 2001) (holding that an "inexcusable and unjustified delay" warranted waiver of the attorney-client privilege). Thus, unless the delinquent party is incapable of producing the requested responses or documents, an unreasonable delay in a response to interrogatories or requests for production constitutes a waiver of any objection.

Here, Defendant does not dispute that the delay in response time exceeded the timeliness requirement. [Dkt. 69 at 17.] Three months passed before Defendant delivered its initial response to Plaintiffs' discovery requests, and over four months passed before Defendant delivered amended responses. [Dkt. 67 at 4-6.] Defendant argued at the hearing on this Motion to Compel that its acquisition and distribution of one document over four months after receiving the requests for production is evidence of a good faith effort to comply. However, as stated during the hearing, the Court finds Defendant's responses to be purposely evasive and without *any* merit or justification. Accordingly, save the unduly burdensome objections to document request numbers 15, 17, and 19, which may be indicative of an inability to produce the documents,[1] Defendant has waived its objections to Plaintiffs' interrogatories and requests for production of documents.

### B. Even if its Objections Were Not Waived, Defendant Raises no Valid Objections

The objecting party bears the burden of proving that a discovery request is improper. *See, e.g.*, *Janssen v. Howse*, 09-CV-3340, 2011 WL 2533809 (C.D. Ill. June 27, 2011); *Cunningham v. Smithkline Beecham*, 255 F.R.D. 474, 478 (N.D. Ind. 2009); *BASF Catalysts LLC v. Aristo, Inc.*, 2:07-CV-222, 2009 WL 187808 (N.D. Ind. Jan. 23, 2009). Defendant raises

---

[1] Because Defendant's response brief framed these objections as an argument that the Defendant does not have the control or possession over these documents required by Federal Rule of Civil Procedure 34, these objections will be addressed in Subsection C of this Order.

several objections to Plaintiffs' interrogatories and requests for production of documents, and the Court will address each objection individually.

Of the responses addressed in Plaintiffs' Motion to Compel, Defendant makes vagueness objections to Plaintiffs' Interrogatories 2, 3, 4, 13, 16, 17, and 18 and Plaintiffs' Requests for Production of Documents 4, 11, 12, 17, 18, and 19.  [Dkts. 67-5, 67-6.]  Defendant adds that Interrogatory 13 is "overly broad unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence."  [Dkt. 67-5.]  When an objection generally asserts that the interrogatory or request is "vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence" without demonstrating its vagueness with specificity, the objecting party has not met its burden. *BASF Catalysts LLC v. Aristo, Inc.*, 2:07-CV-222, 2009 WL 187808 (N.D. Ind. Jan. 23, 2009) (quoting *Burkybile v. Mitsubishi Motors Corp.*, 04 C 4932, 2006 WL 2325506 (N.D. Ill. Aug. 2, 2006)).  While several of the vagueness objections put on airs of specificity, the Court is not convinced that Defendant does not understand what Plaintiffs mean by the terms "Manufacturer Claim" (which Plaintiffs defined for the Defendant), "a detailed description," or "involuntary discharge."  [Dkts. 67-5, 67-6.]  Accordingly, all of Defendant's vagueness and related general objections are overruled.

Defendant then objects to Interrogatories 2, 3, 4, 13, 16, and 17 because they "call[] for a narrative."  [Dkt. 67-5.]  An interrogatory might improperly call for a narrative response when it is used as an attempt to exceed the interrogatory limit.  *See Gregg v. Local 305 Ibew*, 1:08-CV-160, 2009 WL 1325103 (N.D. Ind. May 13, 2009)).  However, an interrogatory that merely "seeks to discover who has knowledge relating to the case, and to learn what it is that they know" is not improper as calling for a narrative.  *E.E.O.C. v. Jewel Food Stores, Inc.*, 231 F.R.D.

343, 350 (N.D. Ill. 2005). Interrogatories 2, 3, 16, and 17 ask Defendant to identify individuals and give a summary of certain relevant information about them, while Interrogatory 4 asks Defendant to identify certain potential evidence related to Plaintiffs' claim and the individual who currently possesses that evidence. [Dkt. 67-5] The Court finds this to be an appropriate use of interrogatories, as observed in *Jewel Food Stores*, and overrules all of Defendant's objections to Plaintiffs' requests as calling for a narrative response.

In response to Interrogatories 2, 3, and 4, Defendant asserts that the interrogatory is a compound question, counts the subparts as separate interrogatories, and refrains from answering Interrogatories 13-19 because "Plaintiff has reached the maximum number of interrogatories allowed by Federal Rule of Civil Procedure 33." [Dkt. 67-5.] To begin, Rule 33 provides that, unless otherwise stipulated or ordered, a party may serve up to twenty-five written interrogatories, "including all discrete subparts." Fed. R. Civ. P. 33(a)(1). "Discrete subparts" count as one interrogatory when "they are logically or factually subsumed within and necessarily related to the primary question." *Bell v. Woodward Governor Co.*, No. 03-C-50190, 2005 WL 3829134 (N.D. Ill. June, 30, 2005) (quoting *Kendall v. GES Exposition Servs, Inc.*, 174 F.R.D. 684, 685 (D. Nev. 1997)) (citing 7 Moore's Federal Practice, § 33.30[2] (Matthew Bender 3d ed.)). Even where the interrogatories exceed twenty-five, however, it is within the Court's discretion to permit such an increase in light of the circumstances. *See Packman v. Chicago Tribune Co.*, 267 F.3d 628, 646 (7th Cir. 2001) ("District courts have broad discretion in discovery matters" (citing Kalis v. Colgate-Palmolive Co., 231 F.3d 1049, 1056 (7th Cir. 2000))). The Court so finds that Plaintiffs did not exceed the maximum number of interrogatories permitted under Rule 33, and Defendant's related objections are overruled.

Defendant also objects, in response to Interrogatories 3, 4 and 15 and Request for Production of Documents 3, that the request improperly "invades the mental impressions of counsel." [Dkts. 67-5, 67-6.] Response 3 to Plaintiffs' Requests for Production of Documents adds a related "Work Product doctrine" objection, and both responses 3 and 18 add "Attorney-Client privilege" and "insured-insurer privilege" objections. [Dkt. 67-6.] The Supreme Court's landmark work-product immunity case, *Hickman v. Taylor*, draws a clear distinction:

> [P]rivilege does not extend to information which an attorney secures from a witness while acting for his client in anticipation of litigation. Nor does this privilege concern the memoranda, briefs, communications and other writings prepared by counsel for his own use in prosecuting his client's case; and it is unrelated to writings which reflect an attorney's mental impressions, conclusions, opinions or legal theories.

329 U.S. 495, 508 (1947). These materials, though perhaps prepared in anticipation of litigation, are discoverable so long as the requested documents are substantially necessary and cannot otherwise be obtained without undue hardship. *Id.*; *Mattenson v. Baxter Healthcare Corp.*, 438 F.3d 763, 768 (7th Cir. 2006). Here, Plaintiffs do not appear to have requested any such privileged mental impressions of legal theories, but merely the evidence and defenses related to the present case, which is the very purpose of discovery. [Dkts. 67-5, 67-6.] In light of Plaintiffs' established hardship in acquiring these documents, the Court, in accordance with *Mattenson*, finds that the work product doctrine does not protect the requested materials from discovery. Because Indiana law only recognizes the insured-insurer privilege "as an expansion of the attorney-client privilege" and not as a distinct privilege, this objection is misplaced. *Sowell v. Dominguez*, 2:09 CV 47, 2010 WL 4974558 (N.D. Ind. Dec. 1, 2010). Accordingly, all of Defendant's privilege-related objections are overruled.

In response to Interrogatories 4, 15, 16, and 17 and Requests for Production of Documents 11, 12, 15, 17, and 19, Defendant argues that Plaintiffs must first specify which

7

components of the washing machine were defective before Defendant can respond. [Dkt. 67-5, 67-5.] The Court finds this objection to be completely baseless. Defendant is essentially demanding that the Plaintiffs prove an element of their case against Defendant before they are entitled to discovery, which is in direct conflict with the very purpose of discovery. *See Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006). Plaintiffs are explicitly entitled to all information relevant to the issues of their case pursuant to Rule 26, including a broad scope of evidence that they may narrow down themselves. If a request's relevance is at issue, it is the Court, not the producing party, that decides whether the requesting party should narrow their request. Here, the Court finds that Plaintiffs' requests for information and documents regarding the entire washer are relevant and appropriate, and Defendant's related objections are overruled.

Defendant further objects to Plaintiffs' Requests for Production of Documents 14, 15, 17, and 18 as requesting documents that contain "proprietary business information and trade secrets." [Dkt. 67-6 at 4-5.] It is notable that "[t]here is no per se privilege exempting trade secrets from discovery." *Hamilton v. State Farm Mut. Auto. Ins. Co.*, 204 F.R.D. 420, 422 (S.D. Ind. 2001). Instead, Federal Rule of Civil Procedure 26(c) protects the unnecessary disclosure of trade secret information through the court's discretionary issuance of protective orders. *Id.* Rule 26(c) not only applies to alleged trade secrets but also "other confidential . . . commercial information." Fed. R. Civ. P. 26. Defendant is at liberty to move for such a protective order, and the Court accordingly overrules Defendant's objections to Plaintiffs' requests that are based on grounds alleging trade secret and proprietary information.

Defendant additionally raises two general objections to Plaintiffs' Interrogatories and Plaintiffs' Requests for Production of Documents: (1) Defendant, LG Electronics USA, Inc., did

8

not manufacture the subject washer, and (2) Defendant further objects to Plaintiffs' definitions "in that the Federal Rules of Civil Procedure do not provide for the same." [Dkts. 67-5 at 1, 67-6 at 1.] To the extent that these statements imply that Defendant does not have control over the requested information and documents, the Court will address them in Subsection C of this Order. However, these statements have no merit and are not valid objections under the Federal Rules of Civil Procedure. Thus, to the extent that Defendant's objections are not otherwise waived as discussed in Subsection A of this Order, the Court overrules each and every objection to Plaintiffs' Interrogatories and Requests for Production of Documents.

### C. Defendant Has Displayed Sufficient Control Over the Requested Information and Documents to Compel Disclosure

Regardless of its duty to respond to Plaintiffs' requests, Defendant argues that it does not have the "possession, custody, or control" of the requested documents required by Rule 34, as Defendant's parent company in Korea, not Defendant, manufactured the allegedly defective washing machine. [Dkt. 69 at 9-12.] In response, Plaintiffs argue that Defendant's production of a copy of the engineering diagram for the washing machine's printed circuit board, which Defendant obtained from its parent company in Korea, is evidence of Defendant's "practical ability" to obtain the requested documents. [Dkt. 67 at 7, 15-16.]

In support of its argument, Defendant relies on twenty-year-old case law that applies to general third-party relations. First, Defendant mistakenly asserts that "the legal standard adopted in the Seventh Circuit" is whether the respondent "has a legal right to demand or obtain the document." [*Id.* at 11 (citing to *Burton Mech. Contractors, Inc. v. Foreman*, 148 F.R.D. 230, 236 (N.D. Ind. 1992)).] Defendant further alleges support by citing to *Chaveriat v. Williams Pipe Line Co.*'s assertion that "the fact that a party could obtain a document if it tried hard

enough and maybe if it didn't try hard at all does not mean that the document is in its possession, custody, or control." 11 F.3d 1420, 1427 (7th Cir. 1993). *Chaveriat*, however, applies to general third-party relations, not to cases that involve a legally recognized relationship like that of a parent company and its subsidiary. *In re Subpoena Duces Tecum to Ingeteam, Inc.*, 11-MISC-36, 2011 WL 3608407 (E.D. Wis. Aug. 16, 2011) ("*Chaveriat* did not deal with control in the context of an interrelated corporate structure. Indeed, the relevant parties in Chaveriat had no legal relationship whatsoever"); *Engel v. Town of Roseland*, 3:06 CV 430, 2007 WL 2903196 (N.D. Ind. Oct. 1, 2007) (noting that in *Chaveriat* the requested documents were in the possession of "the sub-contractor of a subcontractor of the contractor who the party subject to production had retained").

Instead, in a case where the subsidiary is requested to produce information or documents that are in the possession of its parent company, the rule is that "a subsidiary 'need only be able to obtain the documents in question to "control" them, and need not "control" the parent that possesses the documents.'" *Ingeteam*, 2011 WL 36084 (quoting *In re Subpoena to Huawei Tech. Co., Ltd.*, 720 F.Supp.2d 969 (N.D.Ill.2010)). This ability to obtain the requested information can be difficult to estimate in advance of production, so courts employ various factors to determine the "closeness of the relationship between the entities." *Id.* (using five factors to measure "whether a subsidiary has control over documents held by its foreign parent corporation"); *In re Subpoena to Huawei Tech. Co., Ltd.*, 720 F.Supp.2d 969 (N.D.Ill.2010) (using seven factors to measure "the closeness of the relationship between the parties"); *Stella v. LVMH Perfumes & Cosmetics USA, Inc.*, No. 07 C 6509, 2009 WL 780890 (Mar. 23, 2009) (using four factors to measure "[t]he degree of control[, which] is determined by the closeness of the relationship between the entities). It is the burden of the requesting party to prove that the

10

producing party has the ability to obtain the documents in question. *Stella v. LVMH Perfumes & Cosmetics USA, Inc.*, No. 07 C 6509, 2009 WL 780890 (Mar. 23, 2009).

Here, Plaintiffs have met their burden. Defendant admits that it has produced information to the Plaintiffs that it acquired from its foreign parent corporation. [Dkt. 69 at 10.] Thus, Plaintiffs' assertion that Defendant has the ability to obtain similar documents is not at issue, and it is not necessary to defer to factors to postulate the closeness of the relationship between Defendant and Defendant's parent company. [*See* Dkt. 67 at 16.] Although Defendant may not have "any right to force the manufacturer to produce it," this argument is not valid, as it does not reflect the appropriate standard. [*Id.*] The Defendant has demonstrated its ability to obtain the requested information and documents, and the Court so finds the Defendant to be in "control" of the materials requested by the Plaintiffs pursuant to Rule 34.

Accordingly, the Court invokes its broad discretion and **GRANTS** Plaintiffs' Motion to Compel Discovery Responses from Defendant LG Electronics USA. Defendant is ordered to completely and unequivocally respond to all of the interrogatories sent by the Plaintiffs as of the date of this Order. Additionally, Defendant is ordered to completely and equivocally respond to all of the requests for documents sent by Plaintiffs as of the date of this Order. The Court also acknowledges Plaintiffs' arguments for sanctions addressed at the hearing on this Motion to Compel. Although the Court finds Defendant's actions recalcitrant and inexcusable, the Court does not find it necessary at this juncture to sanction Defendant beyond the requisite reasonable expenses and attorney's fees pursuant to Rule 37. The Court is confident that these orders will be immediately heeded, and Plaintiffs will receive complete and unequivocal discovery responses within twenty-one (21) days of the date of this Order and with no further delay from Defendant LG Electronics USA.

### III. Conclusion

For the aforementioned reasons, the Court hereby **GRANTS** Plaintiffs' Motion to Compel Discovery Responses. [Dkt. 66.] Pursuant to Rule 37, Defendant LG Electronics USA, Inc. is ordered to pay all reasonable expenses, including attorney's fees, caused by Defendant's failure to comply fully with Plaintiffs' discovery requests, beginning with Plaintiffs' First Set of Interrogatories and First Requests for Production of Documents, dated July 25, 2012. Fed. R. Civ. P. 37(b)(2)(C). Plaintiffs shall file an itemized request for such fees and expenses within twenty-one (21) days of the date of this Order. Defendant LG Electronics USA may respond within seven (7) days thereafter, and Plaintiffs may file a reply within seven (7) days of any response.

Date: 09/05/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Anna Muehling Mallon
CANTRELL STRENSKI & MEHRINGER, LLP
amallon@csmlawfirm.com

Dennis F. Cantrell
CANTRELL, STRENSKI & MEHRINGER, LLP
dcantrell@csmlawfirm.com

Jacob R. Cox
COX LAW OFFICE
jcox@coxlaw.org

Edward W. Hearn
JOHNSON & BELL, LTD.
hearne@jbltd.com

Susan Kathleen Swing

JOHNSON & BELL, LTD.
swingS@jbltd.com

Ricardo Anderson Hall
SPANGLER JENNINGS & DOUGHERTY PC
rhall@sjdlaw.com