UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MATTHEW  SLABAUGH,           )
BOBBIE  SLABAUGH,            )
                            )
          Plaintiffs,       )
                            )
     vs.                    )
                            )     No. 1:12-cv-01020-RLY-MJD
STATE FARM FIRE & CASUALTY CO.,  )
LG ELECTRONICS USA, INC.,   )
LG ELECTRONICS, INC.,       )
                            )
          Defendants.       )

## ORDER ON DISCOVERY-RELATED MOTIONS

This matter comes before the Court on several discovery-related motions.  Matthew

Slabaugh and Bobbie Slabaugh ("Plaintiffs") move for attorney's fees and expenses [Dkt. 100]

associated with their successful motion to compel [Dkt. 94].  Plaintiffs also move for the Court to

sanction Defendant LG Electronics USA, Inc. ("LG USA") [Dkt. 119] and to strike portions of

LG USA's response to Plaintiff's motion for sanctions [Dkt. 133].  LG USA, in turn, moves for

reconsideration of the Court's orders granting Plaintiff's motion to compel [Dkt. 94] and

overruling LG USA' objection to such ruling [Dkt. 130].  [Dkt. 137.]  LG USA also moves to

file a surreply to Plaintiffs' motion for fees and expenses [Dkt. 112.] and to compel Plaintiffs to

respond to LG USA's discovery requests [Dkt. 157], and Plaintiffs request that a hearing be held

on such motion to compel and other pending motions as necessary [Dkt. 165].

For the following reasons, the Court hereby **GRANTS** Plaintiffs' motion for fees and

**DENIES** Plaintiffs' motion for sanctions.  Additionally, the Court **GRANTS** LG USA's motion

1

to file their surreply and **DENIES** Plaintiffs' motion to strike.  Finally, the Court **GRANTS**

Plaintiffs' motion for a hearing on the motions that remain before the Court.

## I.  Background

Plaintiffs' case against Defendant LG USA involves claims for negligence and strict

products liability.  [Dkt. 85 at 23-25.]  In June of 2011, Plaintiffs' home suffered water damage,

allegedly caused by defective components in their LG brand washing machine.  [*Id.*]  After

pursuing out-of-court remedies, Plaintiffs filed suit in state court in June of 2012, and their case

was removed to this Court in July of 2012.  [Dkt. 67 at 4.]  Plaintiffs served their interrogatories

and requests for production that same month, to which LG USA did not respond until November

of 2012.  [*Id.* at 1-2.]  Plaintiffs believed LG USA's responses to be insufficient, and their second

and third attempts to supplement their responses did not rectify the insufficiencies.  [*Id.* at 2.]

Thus, Plaintiffs moved for the Court to compel LG USA to respond to Plaintiffs' written

discovery requests [Dkt. 66], which motion this Magistrate Judge granted in its entirety on

September 5, 2013 [Dkt. 94].  LG USA then filed an objection to the Magistrate Judge's order

[Dkt. 98], which objection the District Judge overruled in its entirety on November 26, 2013

[Dkt. 130].

Meanwhile, in September of 2013 Plaintiffs moved to be reimbursed for their attorney's

fees and expenses related to their motion to compel, pursuant to Federal Rule of Civil Procedure

37.  [Dkt. 100.]  Asserting that Plaintiffs' reply brief to their motion for fees and expenses raised

additional arguments, LG USA filed a motion for leave to file a surreply in order to address those

additional arguments.  [Dkt. 112.]  By November of 2013, Plaintiffs were still not satisfied with

LG USA's fourth attempt at written discovery responses, and Plaintiffs subsequently filed a

motion for sanctions against LG USA.  [Dkt. 119.]  Further, asserting that LG USA included

impermissible material in its response to their motion for sanctions, Plaintiffs moved strike portions of LG USA's response brief. [Dkt. 133.] In December of 2013, Defendant LG USA informally indicated to the Court that Defendants LG USA and LG Korea would be "admitting [to] liability for the purported discharge of water from the washer." [Dkt. 152 at 5 (incorrectly asserting that the status conference was a "hearing" that was "on the record").] Believing that the discovery requested by Plaintiffs is no longer relevant because of this alleged stipulation to liability, LG USA moved for reconsideration of the Court's orders on Plaintiffs' motion to compel. [Dkt. 137.] Defendant LG USA additionally moved to compel Plaintiffs' discovery responses [Dkt. 157] and for a hearing on such motion to compel as well as the other motions pending in this matter [Dkt. 165]. The Court now addresses the parties' various discovery-related motions.

## II. Discussion

The general rule is that the district court has "broad discretion in discovery matters." Packman v. Chicago Tribune Co., 267 F.3d 628, 646 (7th Cir. 2001) (citing *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1056 (7th Cir. 2000)). This broad discretion in discovery matters encompasses cases concerning claims of products liability and negligence. *See Gingerich v. City of Elkhart Prob. Dep't*, 273 F.R.D. 532, 536 (N.D. Ind. 2011) (negligence); *Fisher v. Nat'l R.R. Passenger Corp.*, 152 F.R.D. 145, 149 (S.D. Ind. 1993) (products liability).

### A. Motions for Fees and Surreply

Pursuant to Rule 37, after granting a motion to compel disclosure or discovery "the court must . . . require [the losing party or attorney or both] to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Reasonable attorney's fees are equal to a reasonable rate multiplied by the number of hours

reasonably expended on the motion—a calculation known as the "lodestar"—and "nothing else." *Johnson v. GDF, Inc.*, 668 F.3d 927, 929 (7th Cir. 2012). The rate actually charged by the prevailing attorney is the rate to which the prevailing party is presumptively entitled, regardless of whether the attorney may charge a rate above or below the market average. *Gusman v. Unisys Corp.*, 986 F.2d 1146, 1150 (7th Cir. 1993). When the market average is needed, it is the burden of the fee applicant to establish the appropriate market average, or else the Court will determine an appropriate rate. *Johnson*, 668 F.3d at 933. With regard to factor of the amount of hours reasonably expended, the district court is given exceptional discretion when determining whether the time an attorney spends on a motion before the judge is reasonable. *Gautreaux v. Chicago Hous. Auth.*, 491 F.3d 649, 659 (7th Cir. 2007).

Here, Plaintiffs' motion for fees is succinct, alleging that Plaintiffs' counsel expended 28.6 hours at the rate of $250 per hour, plus $23.80 in PACER expenses, in their successful motion to compel, thus entitling them to $7173.80 in fees in expenses. [Dkt. 100.] In response, LG USA asserts that Plaintiffs did not meet their burden of proving both that the rate charged and the time expended are reasonable, and LG USA believes that the proper recourse for this alleged failure is to deny attorney's fees entirely. [Dkt. 101.] Plaintiffs' reply brief adds significant support to their initial motion for fees and expenses, including market average affidavits, and requests that the market average of $330 per hour be multiplied by the now 31.5 hours spent on this issue, plus the PACER expenses, for a total of $10,418.80. [Dkt. 105.] In light of this additional evidence and amended request, LG USA filed an unopposed motion for leave to file a surreply [Dkt. 112], which the Court **GRANTS**, asserting that Plaintiffs' reply brief cannot cure their failure to meet their burden of proof and that the Plaintiffs cannot amend their original rate of relief requested [Dkt. 112-1].

To begin addressing these arguments, the Court first reiterates that, where an attorney petitioning for fees does not meet his burden of proof, it is not the proper recourse to deny the fee request altogether; the duty falls to the Court to grant whatever fees the Court deems reasonable. *Johnson*, 668 F.3d at 933. With regard to the rate requested, *Gusman* is clear in its ruling that the amount commonly charged by the attorney is presumptively reasonable, regardless of whether the market average is higher or lower. In this matter, Plaintiffs' counsel is working on a contingency basis [Dkt. 105 at 2]; however, when he charges by the hour, Plaintiffs' counsel charges an hourly rate of $250 per hour [Dkt. 100 at 2]. The hourly rate charged by the prevailing attorney is presumptively reasonable, and the Court finds the hourly rate of $250 per hour to be reasonable. Thus, it is not necessary to examine whether the alleged market rate of $330 per hour also lies within reason, as the reasonable rate of $250 per hour will be used to calculate the lodestar.

LG USA also argues that the amount of hours that Plaintiffs' counsel allegedly spent working on the motion is not reasonable. [Dkt. 101 at 4-8.] Specifically, LG USA asserts that the briefs contained primarily facts and included little to no citations to case law and requests that the Court reduce the number of hours expended in calculating the lodestar. [*Id.*] In support of this request, LG USA cites to several cases in which the court found the number of hours allegedly spent on the motion to be unreasonable, and LG USA further claims that these cases represent "a majority of cases within the Seventh Circuit." [*Id.* at 6-7.] The validity of this claim is not relevant, however, as it is the duty of the Court to examine the reasonableness of the allegations in the motion before it, not to make a finding based on allegations that have been brought before other courts within the Seventh Circuit. Further, as Plaintiffs point out in their reply brief, even when those courts reduced the amount of fees requested for lack of substantive

brief, it was still reasonable to allow roughly one page of briefing per hour of work alleged. *See, e.g.*, *Maxwell v. S. Bend Work Release Ctr.*, 3:09-CV-008-PPS-CAN, 2010 WL 4318800 (N.D. Ind. Oct. 25, 2010) (7.4 hours reduced to 3.5 hours for a three-page brief with no case law); *Lorillard Tobacco Co. v. Elston Self Serv. Wholesale Groceries, Inc.*, 259 F.R.D. 323, 330 (N.D. Ill. 2009) (at least 30 hours—over $16,000 at a rate of $270 to $473 per hour—reduced by one half for two motions totaling nine pages of non-complex legal and factual issues); *Arrington v. La Rabida Children's Hosp.*, 06 C 5129, 2007 WL 1238998 (N.D. Ill. Apr. 25, 2007) (1.8 hours reduced to 1 hour to draft a petition for attorney's fees that was one page long, and 3.5 hours reduced to 1 hour to draft a three-page brief with no case law).

Here, Plaintiffs' counsel tabulates expending 17.3 hours on his three-page motion to compel and eighteen-page brief in support thereof [Dkts. 66, 67]; 8.5 hours on his seven-page reply brief [Dkt. 79], including his review of LG USA's nineteen-page opposition brief [Dkt. 69]; 1.8 hours to prepare for and attend a 45-minute-long long hearing on June 21, 2013; 1 hour to review the Court's order granting the motion to compel and prepare his two-page motion for attorney's fees [Dkt. 100]; and now 2.9 hours on his eight-page reply brief [Dkt. 105], including his review of LG USA's nine-page opposition brief [Dkt. 101]. The Court finds these 31.5 hours to be reasonable, which figure is to be multiplied by the reasonable rate of $250 per hour, for a total lodestar of $7875, plus $23.80 in PACER expenses. Thus, Plaintiffs' request for attorney's fees is **GRANTED**, and Defendant LG USA and its counsel are jointly and severally liable for those fees and expenses in the amount of $7898.80 due to their failure to promptly and properly respond to Plaintiffs' discovery requests, pursuant to Rule 37(a)(5)(A).

**B.  Motions for Sanctions and to Strike**

After the Court granted Plaintiffs' motion to compel, LG USA filed an objection to the Magistrate Judge's order [Dkt. 98], but still supplemented its discovery responses, as required by such order.  However, Plaintiffs were still not satisfied with these supplemental responses because LG USA, admittedly, limited its response to several requests to the model of washer that Plaintiffs owned, not all washers manufactured by LG.  [Dkt. 129 at 12.]  Plaintiffs assert that LG USA was purposefully unresponsive to Plaintiffs' attempts to resolve the dispute, engaging in dilatory tactics that warrant sanctions including but not limited to entry of default judgment, attorney's fees and expenses, striking LG USA's Answer and Affirmative Defense, and setting a hearing for damages to be awarded to Plaintiffs.  [Dkt. 120 at 6-8.]  In his defense, counsel for LG USA asserts that he had asked for more time than the arbitrary one-week deadline set by Plaintiffs' counsel, which request was allegedly responded to with this motion for sanctions without complying with the meet and confer requirements of Local Rule 7-1.  [Dkt. 129 at 18.]  LG USA also expends nearly five pages of its response brief prematurely arguing its own motion to compel against Plaintiffs, which irrelevant arguments Plaintiffs move to strike from the record.  [Dkt. 133.]

While it lies within the Court's power to declare a default judgment as a choice of sanction, such a sanction is "draconian" and "must be infrequently resorted to by district courts." *Barnhill v. United States*, 11 F.3d 1360, 1367 (7th Cir. 1993) (quotations omitted).  Federal Rule of Civil procedure 37(d) and Local Rule 7-1 both require the attorney moving for sanctions to file a statement showing that reasonable efforts to confer with opposing counsel were made, in good faith, prior to seeking court action.  Although LG USA may have been reluctant to amend its responses to Plaintiffs' discovery requests, it did so by September 26, 2013, as required by the Court, even with its objection to the Magistrate Judge's order pending.  Plaintiffs took over one

month to review the supplemental responses, e-mailing their dissatisfaction to counsel for LG

USA on Friday, October 25, 2013 and requesting that the alleged failures be rectified by

Tuesday, October 29, 2013, only two work days later.  [Dkt. 119 at 2.]  On October 30, 2013,

counsel for LG USA wrote to Plaintiffs' counsel to communicate that he would address the issue

soon, but that "he needed more time as he was in the process of preparing for two upcoming jury

trials and that he was going out of town until November 7, 2013."  [*Id.*, Dkt. 129 at 18.]  In

response, Plaintiffs' counsel admits that the only additional time he was willing to give was until

November 1, 2013, and then November 7, 2013 after a second request from counsel for LG

USA.  [Dkt. 119 at 2-3.]  When Plaintiffs still did not receive a satisfactory response from LG

USA by November 7, 2013, Plaintiffs filed this motion for sanctions on November 12, 2013—

just eighteen days after first notifying counsel for LG USA of their dissatisfaction and just five

days after counsel for LG returned from his trip.  [*Id.*]  This does **not** indicate a good faith effort

on the part of Plaintiffs' counsel to resolve the dispute before requesting court action to set

default judgment, as required by Rule 37(d) and Local Rule 7-1.

Furthermore, as eloquently articulated by Magistrate Judge Baker in *Loparex, LLC v.*

*MPI Release Technologies, LLC*, the meet and confer requirement of Local Rule 37-1, which

governs discovery disputes, requires more than an exchange of e-mails:

> An electronic ultimatum is not a good faith attempt to resolve a discovery dispute.
> Rather, the local rule contemplates an actual meeting with a date, time, and
> place—whether by telephone, videoconference, or (if counsel's location permits)
> preferably face-to-face.  An old-fashioned chat over coffee might prove especially
> productive.  Real-time interaction often provides the best forum for hashing out
> disputes, whereas a faceless exchange of carefully worded and often pointed e-
> mails usually solves little except perhaps providing a false moment of triumph to
> the person pressing the "send" button.

1:09-CV-1411-JMS-TAB, 2011 WL 1871167, at *2 (S.D. Ind. May 16, 2011).  Plaintiffs' Rule

7-1 statement to certify "that the attorney made reasonable efforts to confer with opposing

counsel" before filing their motion for sanctions reveals no such "real-time interaction" addressing the dispute at issue. Therefore, Plaintiffs failed to comply with their meet and confer obligations, and their motion for sanctions can be, and is, **DENIED** for that reason alone.

Further, regardless of the stage of the litigation or the previous orders issued by the Court, information is only discoverable when it is "relevant" and "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26 (b)(1). The relevance of discovery pertaining to models of washers that were never owned by the Plaintiffs was not raised in Plaintiffs' motion to compel. Rather, it appeared for the first time in Plaintiffs' counsel's notice to counsel for LG that the September 26, 2013 responses were not sufficient. While it is true that LG USA was ordered to make complete responses to Plaintiffs' discovery requests, the proper recourse when an issue of relevance newly arises is not to request default judgment , but to file a motion to compel after making a good faith effort to resolve the dispute outside of court, pursuant to Rule 37. Although LG USA might fail in its defense of such a motion and be compelled to produce information pertaining to all of its washers, the rules provide LG USA with an opportunity to defend its position before the Court. It is not proper, as Plaintiffs allege, to sanction a party for failing to address an issue within eighteen days, especially in light of Plaintiffs' counsel's failure to properly meet and confer and his intractable timeline demands, which were in blatant disregard of the fact that opposing counsel was out of town with two forthcoming jury trials and not made in good faith. Thus, Plaintiffs' motion for sanctions is **DENIED** in its entirety.

Tangentially related to Plaintiffs' motion for sanctions is their motion to strike portions of LG USA's opposition brief to the motion for sanctions. In response to Plaintiffs' motion for sanctions, LG USA argued, for several pages, that it should not be sanctioned because it is

Plaintiffs who have been dilatory and should be moved to compel. [*See* Dkt. 129 at 2-5, 13, 19.] To remove the accusations from the docket, Plaintiffs filed a motion to strike those portions of LG USA's brief, alleging that such a remedy lies within the Court's "inherent power to strike impermissible filings," *Keaton v. Hannum*, 1:12-CV-00641-SEB, 2013 WL 1800577 (S.D. Ind. Apr. 29, 2013), and Federal Rule of Civil Procedure 12(f)'s grant of permission that a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous material." [Dkt. 133.]

Again, Plaintiffs have misplaced their reliance on the motion they have brought before the Court. It is true that courts routinely entertain motions to strike pursuant to Rule 12(f) that do not apply literally to "pleadings." *City of Sterling Heights Gen. Employees' Ret. Sys. v. Hospira, Inc.*, 11 C 8332, 2013 WL 566805 (N.D. Ill. Feb. 13, 2013). However, the court's authority to strike "impermissible" filings applies to material that is so abusive, improper, or scandalous that the harm brought about outweighs the relevance of the material. *See, e.g.*, *Keaton v. Hannum*, 1:12-CV-00641-SEB, 2013 WL 1800577 (S.D. Ind. Apr. 29, 2013) (striking irrelevant material about the parties that was explicit and salacious in nature). In addition, motions to strike in general are highly disfavored, and the burden lies upon the moving party to prove that such an exceptional remedy is warranted. *Id.* (citing *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir.1992) (burden of proof in a motion to strike is on the moving party); *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1295 (7th Cir.1989) (motions to strike are highly disfavored)).

The material at issue here is not so abusive or scandalous in nature, and it is not irrelevant to the case as a whole. The Court agrees with Plaintiffs with regard to the fact that LG USA's factual allegations outlining Plaintiffs' alleged lack of cooperation in discoverY matters do not

pertain to Plaintiffs motion for sanctions. The allegations do, however, pertain to the case as a whole and the progress, or lack thereof, in its discovery. LG USA makes these allegations in an attempt to bolster its argument of cooperation by contrast—a childish "I shouldn't be the one getting in trouble here because *he* was worse!" Such allegations are wholly unpersuasive as a rhetorical tool and generally reflect most negatively upon the party asserting them. If LG USA seeks to compel Plaintiff to respond to discovery, then such allegations belong in a motion to compel Plaintiffs' discovery responses,[1] and, pursuant to Local Rule 7-1(a), the Court will not consider a motion that is contained within a response brief. Improperly located as they are, however, Plaintiffs have not met their burden of proving that these allegations are so scandalous or abusive to the Plaintiffs that they must be stricken from the record. Accordingly, Plaintiffs' motion to strike is categorically **DENIED**.

## C. Motion for Hearing

Still pending before the Court are LG USA's motions for reconsideration [Dkt. 137] and to compel Plaintiffs' discovery responses [Dkt. 157]. After each pending motion had been fully briefed, Plaintiffs filed a request for the Court to set a hearing for the parties to present arguments on LG USA's motion to compel, and on any other pending motion "as the Court deems necessary." [Dkt. 165.] Plaintiffs assert that the request for a hearing "is made in good faith, is not for the purposes of delay, and will not prejudice the parties." [*Id.*] LG USA does not contest Plaintiffs' request for a hearing. Thus, the Court invokes its broad discretion and **GRANTS** Plaintiffs' request with regard to LG USA's motion for reconsideration and motion to compel.

---

[1] Such a motion to compel Plaintiffs' discovery responses is now before the Court, which presumably recounts each of the factual allegations that Plaintiffs move to strike. [Dkt. 157.]

### III.  Conclusion

For the aforementioned reasons, the Court hereby **GRANTS** Plaintiffs' Request for

Attorneys Fees and Expenses Associated with Plaintiffs' Motion to Compel [Dkt. 100] and

**DENIES** Plaintiffs' Verified Motion for Sanctions [Dkt. 119].  Thus, Defendant LG USA and its

counsel are jointly and severally ordered to pay Plaintiffs the amount of $7898.80.  Additionally,

the Court **GRANTS** LG USA's Motion for Leave to File Surreply [Dkt. 112] and **DENIES**

Plaintiffs' Motion to Strike Portions of LG USA's Response in Opposition to Motion for

Sanctions [Dkt. 133].  Further, the Court **GRANTS** Plaintiffs' Request for Hearing on LG's

Motion to Compel and other Pending Motions [Dkt. 165], and, in a separate Order, the Court will

set a hearing on Defendant LG USA's Motions to Reconsider Court's Order of November 26,

2013 and Order of September 5, 2013 [Dkt. 137] and to Compel Plaintiffs' Discovery Responses

[Dkt. 157].


Date: May1,2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana


Distribution:

Anna Muehling Mallon
CANTRELL STRENSKI & MEHRINGER, LLP
amallon@csmlawfirm.com

Dennis F. Cantrell
CANTRELL, STRENSKI & MEHRINGER, LLP
dcantrell@csmlawfirm.com

Jacob R. Cox
COX LAW OFFICE

jcox@coxlaw.org

Edward W. Hearn
JOHNSON & BELL, LTD.
hearne@jbltd.com

Susan Kathleen Swing
JOHNSON & BELL, LTD.
swingS@jbltd.com

Edward W. Hearn
JOHNSON & BELL, LTD.--Crown Point
hearne@jbltd.com

Jessica A. Levitt
JOHNSON & BELL, LTD.--Crown Point
levittj@jbltd.com

Susan Kathleen Swing
JOHNSON & BELL, LTD.--Crown Point
swingS@jbltd.com

Ricardo Anderson Hall
SPANGLER JENNINGS & DOUGHERTY PC
rhall@sjdlaw.com