UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MATTHEW SLABAUGH, <br> BOBBIE SLABAUGH, <br>                 Plaintiffs, <br>     vs. <br><br> STATE FARM FIRE & CASUALTY CO., <br> LG ELECTRONICS USA, INC., <br> LG ELECTRONICS, INC., <br>                 Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )   No. 1:12-cv-01020-RLY-MJD <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER ON LG'S MOTION TO COMPEL**

This matter comes before the Court on LG Electronics USA, Inc.'s ("LG USA") Motion to Compel Plaintiffs' Discovery Responses. [Dkt. 157.] For the following reasons, LG USA's motion to compel is **DENIED**.

**I. Background**

Plaintiffs' case against Defendant LG USA involves claims for negligence and strict products liability. [Dkt. 85 at 23-25.] In June of 2011, Plaintiffs' home suffered water damage, allegedly caused by defective components in their LG brand washing machine. [*Id.*] After pursuing out-of-court remedies, Plaintiffs filed suit in state court in June of 2012, and their case was removed to this Court in July of 2012. [Dkt. 67 at 4.] LG USA served discovery requests on Plaintiffs in September of 2012, to which Plaintiffs responded the following month. [Dkt. 158 at 1.]

Nearly a year later, LG USA informed Plaintiffs that "many of Plaintiffs' responses were wholly inadequate." [*Id.* at 2.] Over the course of the next four months, Plaintiffs and LG USA

1

corresponded in an attempt to correct the inadequacies, but not all of LG USA's dissatisfaction was resolved. [*Id.*] Plaintiffs' counsel offered to discuss LG USA's dissatisfaction with Plaintiffs' responses with the Magistrate Judge in a discovery conference, pursuant to the Case Management Plan (CMP) [Dkt. 158-10 at 3], but LG USA failed to present any evidence that such a conference took place [*see* Dkt. 158 at 1-10]. Instead, in February of 2014, LG USA moved to compel Plaintiffs' discovery responses to include Plaintiffs' 2012 Tax Returns and to include their damages incurred in obtaining consulting experts. [Dkt. 158 at 11-15.] Oral argument was held on May 16, 2014, and the Court now addresses LG USA's motion to compel.

## II. Discussion

Rule 37 permits a motion to compel a required disclosure upon "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a). A required disclosure, as defined by Rule 26, includes information that a party "may use to support its claims," and "[f]or good cause, the court may order discovery of any matter relevant" to the issues of the case. Fed. R. Civ. P. 26 (a)(1)(A), (b)(1) (emphasis added). This Court has "broad discretion in discovery matters, [including a] motion to compel discovery." *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 646 (7th Cir. 2001) (citing *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1056 (7th Cir. 2000)).

LG USA argues that Plaintiffs should be compelled to produce their 2012 Tax Returns in response to its requests for "[a]ll documents plaintiffs intend to introduce as evidence to the damages" and for "[a]ll documents which substantiate plaintiffs' claimed damages" due to Plaintiffs' claim for lost wages. [Dkt. 158 at 11-12.] Additionally, LG USA argues that it is entitled to documentation to support Plaintiffs' damages incurred in obtaining their consulting experts due to Plaintiffs' claim for damages and due to LG USA's requests for the "contents of all files of all experts, consultants, or investigators" and "[a]ll correspondence between the

2

plaintiffs and plaintiffs' experts or plaintiffs' counsel and plaintiffs' experts." [*Id.* at 13-15.] In response, Plaintiffs assert that LG USA is not entitled to such documents because their 2012 Tax Returns are not responsive to LG USA's requests, because LG USA is not entitled to an expert's files or correspondence pursuant to Federal Rule of Civil Procedure 26, and because LG USA failed to seek a status conference with the Court before filing its motion to compel pursuant to the Case Management Plan (CMP) and Local Rule 37-1. [Dkt. 162 at 2-3.]

As Plaintiffs indicate, Local Rule 37-1 dictates that the parties must "confer in a good faith attempt" to resolve a discovery dispute before involving the Court in such a dispute. As the Court has already informed the parties in its Order dated May 1, 2014, the meet and confer requirement of Local Rule 37-1 requires more than a mere exchange of letters or e-mails: "the local rule contemplates an actual meeting with a date, time, and place—whether by telephone, videoconference, or (if counsel's location permits) preferably face-to-face." [Dkt. 175 at 8 (quoting *Loparex, LLC v. MPI Release Technologies*, 1:09-CV-1411-JMS-TAB, 2011 WL 1871167, at *2 (S.D. Ind. May 16, 2011)).] Further, the CMP clearly instructs that "[i]f the required conference under Local Rule 37-1 does not resolve discovery issues that may arise, the parties **will request** a telephonic status conference prior to filing any disputed motion to compel." [Dkt. 21 at 2.] Not only was there a failure to converse in a real-time, interactive format to work through this discovery dispute, but LG USA additionally failed to request such a status conference with the Court before filing its motion to compel, even after Plaintiffs reminded LG USA of this requirement. [*See* Dkt. 158-10 at 3; *see also* Dkts. 157, 158 (failing to certify compliance with Local Rule 37-1's conference requirement).] On these failures alone, the Court **DENIES** LG USA's motion to compel.

Even if these threshold requirements had been met, however, LG USA's motion would still not be successful. With regard to Plaintiffs' 2012 Tax Returns, LG USA did not ask for tax returns—they asked for the documents "that plaintiffs intend to introduce" and "[a]ll documents which substantiate plaintiffs' claimed damages." Because Plaintiffs do not intend to introduce their 2012 Tax Returns in order to prove their claim for lost wages, LG USA's first argument fails. Second, a request for "all documents" that could possibly substantiate claims for damages is overbroad on its face, and the Court cannot compel Plaintiffs to produce their 2012 Tax Returns based on these requests for production. *See Richmond v. UPS Serv. Parts Logistics*, IP01-1412-C-H/G, 2002 WL 745588 (S.D. Ind. Apr. 25, 2002) (requests for "all documents" without meaningful limitations are facially overbroad).

With regard to the files and correspondence of Plaintiffs' consulting experts, such documentation is not permitted under the Federal Rules of Civil Procedure. Specifically, Rule 26 protects all drafts of expert reports, all communications between the party's attorney and witnesses (unless the communication is related to compensation for the study or testimony, identifies essential facts or data, or identifies assumptions provided by the party's attorney), and all facts and opinions held by experts that are not expected to be called as a witness. Fed. R. Civ. P. 26(b)(4). Because the deadline for the disclosure of Plaintiffs' damages expert(s) did not pass until June 2, 2014, LG USA's requests of 2012, and motion to compel the responses thereto of 2013, were premature and the Court will not compel such a response. A party cannot demand information in the form of a discovery request when the party is not yet entitled to such information. LG USA then argued that it is entitled to information regarding Plaintiffs' claim for damages incurred in obtaining consulting experts [Dkt. 158 at 13], but Plaintiffs have made no

such claim [Dkt. 162 at 5-9.] Therefore, LG USA's motion to compel fails in its entirety, both procedurally and substantively.

### III. Conclusion

For the aforementioned reasons, the Court hereby **DENIES** LG USA's Motion to Compel Plaintiffs' Discovery Responses. [Dkt. 157.] Pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), Defendant LG electronics USA, Inc. is ordered to pay all of Plaintiffs' reasonable expenses, including attorney's fees, caused by its premature filing of this motion to compel. Plaintiffs shall file an itemized request for such fees and expenses within twenty-one (21) days of the date of this Order. Defendant LG Electronics USA, Inc. may respond within seven (7) days thereafter, and Plaintiffs may file a reply within seven (7) days of any response.

Date: 08/05/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Anna Muehling Mallon
CANTRELL STRENSKI & MEHRINGER, LLP
amallon@csmlawfirm.com

Dennis F. Cantrell
CANTRELL, STRENSKI & MEHRINGER, LLP
dcantrell@csmlawfirm.com

Jacob R. Cox
COX LAW OFFICE
jcox@coxlaw.org

Edward W. Hearn
JOHNSON & BELL, LTD.
hearne@jbltd.com

Susan Kathleen Swing

JOHNSON & BELL, LTD.
swingS@jbltd.com

Edward W. Hearn
JOHNSON & BELL, LTD.--Crown Point
hearne@jbltd.com

Jessica A. Levitt
JOHNSON & BELL, LTD.--Crown Point
levittj@jbltd.com

Susan Kathleen Swing
JOHNSON & BELL, LTD.--Crown Point
swingS@jbltd.com

Ricardo Anderson Hall
SPANGLER JENNINGS & DOUGHERTY PC
rhall@sjdlaw.com