UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MATTHEW SLABAUGH, <br> BOBBIE SLABAUGH, <br>      Plaintiffs, <br> vs. <br> STATE FARM FIRE & CASUALTY CO., <br> LG ELECTRONICS USA, INC., <br> LG ELECTRONICS, INC., <br>      Defendants. | No. 1:12-cv-01020-RLY-MJD |

**REPORT AND RECOMMENDATION**

  This matter comes before the Court on LG Electronics USA, Inc.'s ("LG USA") Motion to Reconsider the Court's Order of November 26, 2013 and Order of September 5, 2013. [Dkt. 137.] For the following reasons, the Magistrate Judge recommends that the Court **DENY** LG USA's motion to reconsider.

**I. Background**

  Plaintiffs' case against Defendant LG USA involves claims for negligence and strict products liability. [Dkt. 85 at 23-25.] In June of 2011, Plaintiffs' home suffered water damage, allegedly caused by defective components in their LG brand washing machine. [*Id.*] After pursuing out-of-court remedies, Plaintiffs filed suit in state court in June of 2012, and the case was removed to this Court in July of 2012. [Dkt. 67 at 4.] Plaintiffs served their interrogatories and requests for production that same month, to which LG USA did not respond until November of 2012. [*Id.* at 1-2.] Plaintiffs believed LG USA's responses to be insufficient, and LG USA's second and third attempts to supplement their responses did not rectify Plaintiffs' dissatisfaction.

1

[*Id.* at 2.] Thus, Plaintiffs moved for the Court to compel LG USA to respond to Plaintiffs' written discovery requests [Dkt. 66], which motion the Magistrate Judge granted in its entirety on September 5, 2013 [Dkt. 94].

LG USA then filed an objection to the Magistrate Judge's order [Dkt. 98], which objection the District Judge overruled in its entirety on November 26, 2013 [Dkt. 130]. In December of 2013, Defendant LG USA informally indicated to the Court that Defendants LG USA and LG Korea would be "admitting [to] liability for the purported discharge of water from the washer." [Dkt. 152 at 5 (incorrectly asserting that the status conference was a "hearing" that was "on the record").] Believing that the discovery requested by Plaintiffs is no longer relevant because of this alleged stipulation to liability, LG USA moved, in December of 2013, for reconsideration of the Court's orders on Plaintiffs' motion to compel. [Dkt. 137.] On May 16, 2014, oral argument was held, and the Court now addresses LG USA's motion to reconsider.

## II. Discussion

In support of its motion for reconsideration, LG USA claims that "there has been a controlling or significant change in the facts since the submission of the issue to the court" that warrants a second look at Plaintiffs' motion to compel—namely the fact that LG USA is "no longer disputing liability." [Dkt. 137 at 3 (quoting *Orange v. Burge*, 451 F. Supp. 2d 957, 961 (N.D. Ill. 2006))]. In response, Plaintiffs assert that the discovery that LG USA was ordered to produce in the Court's Orders, dated September 5, 2013 and November 26, 2013, is still relevant, even if LG USA admits to liability. [Dkt. 150 at 2.]

Only in "exceptional circumstances" is a motion for reconsideration procedurally proper. *Barrington Press, Inc. v. Morey*, 816 F.2d 341, 343 n.2 (7th Cir. 1987). In order for such a motion to be successful, "the movant must present either newly discovered evidence or establish

a manifest error of law or fact" in the court's original decision. *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). However, a mere "change in circumstances following the Court's decision" is insufficient to meet the high standard that a motion for reconsideration must meet. *Collins v. Bowman, Heintz, Boscia & Vician, P.C.*, 1:10-CV-1629-JMS-TAB, 2012 WL 3756865 (S.D. Ind. Aug. 9, 2012). For example, the settlement between certain parties to a case is a change in circumstances that is not a proper basis for a motion to reconsider, but a significant change in the law or newly discovered facts would meet the standard. *Cincinnati Ins. Co. v. Greene*, 1:10-CV-0370-JMS-DML, 2012 WL 1802325, at *2 n.2 (S.D. Ind. May 17, 2012).

In this matter, LG USA believes that the fact that it is "no longer disputing liability" gives rise to a need to reconsider the Court's prior Orders granting Plaintiffs' motion to compel. [Dkt. 137 at 3.] However, an admission of liability is not a changed law or newly discovered fact of evidence so much as it is a change in circumstances, much like the settlement discussed in *Greene*. Therefore, LG USA's motion for reconsideration is not procedurally proper.

Additionally, it remains unclear whether LG USA has even stipulated to liability, as its Amended Answer to Plaintiffs' Amended Complaint only "admits the washer was defective" but still denies that the defect was unreasonably dangerous, denies that the defect caused the washer to discharge into Plaintiffs' home and thereby caused damage to their property, and denies that LG USA is strictly liable for the damages cause by the defective washer. [Dkt. 152 at 5-6 (quoting Dkt. 145).] At oral argument, the Court remarked that Plaintiffs cannot be expected to rely on LG USA's current Amended Answer as proof that LG USA has "clearly admitted liability," and, over two months later, LG USA has not made any further amendments to its answer to clarify its position. Accordingly, LG USA's motion for reconsideration of the Court's Orders granting Plaintiffs' motion to compel should be **DENIED**.

3

### III. Conclusion

For the aforementioned reasons, the Magistrate Judge recommends that the Court **DENY** LG USA's Motion to Reconsider the Court's Order of November 26, 2013 and Order of September 5, 2013. [Dkt. 137.] Accordingly, the Court should, again, **ORDER** LG Electronics USA, Inc. to produce the documents at issue within fourteen (14) days of the date of its Order. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Date: 08/14/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Anna Muehling Mallon
CANTRELL STRENSKI & MEHRINGER, LLP
amallon@csmlawfirm.com

Dennis F. Cantrell
CANTRELL, STRENSKI & MEHRINGER, LLP
dcantrell@csmlawfirm.com

Jacob R. Cox
COX LAW OFFICE
jcox@coxlaw.org

Edward W. Hearn
JOHNSON & BELL, LTD.
hearne@jbltd.com

Susan Kathleen Swing
JOHNSON & BELL, LTD.

swingS@jbltd.com

Edward W. Hearn
JOHNSON & BELL, LTD.--Crown Point
hearne@jbltd.com

Jessica A. Levitt
JOHNSON & BELL, LTD.--Crown Point
levittj@jbltd.com

Susan Kathleen Swing
JOHNSON & BELL, LTD.--Crown Point
swingS@jbltd.com

Ricardo Anderson Hall
SPANGLER JENNINGS & DOUGHERTY PC
rhall@sjdlaw.com