UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MATTHEW  SLABAUGH, | ) | |
| BOBBIE  SLABAUGH, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 1:12-cv-01020-RLY-MJD |
| vs. | ) | |
| | ) | |
| LG ELECTRONICS USA, INC., | ) | |
| LG ELECTRONICS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON MOTION FOR ATTORNEY FEES AND EXPENSES

This matter comes before the Court on Matthew and Bobbie Slabaugh's ("Plaintiffs")

Motion for Attorney Fees and Expenses Associated with Plaintiffs' Opposition to the LG

Defendants' Motion to Compel.  [Dkt. 195.]  For the following reasons, the Court hereby

**GRANTS** Plaintiffs' request.

## I.   Background

Plaintiffs' case against LG Electronics USA, Inc. and LG Electronics, Inc. (collectively

"Defendants") involves claims for negligence and strict products liability.  [Dkt. 85 at 23-25.]  In

June of 2011, Plaintiffs' home suffered water damage, allegedly caused by defective components

in their LG brand washing machine.  [Id.]  After pursuing out-of-court remedies, Plaintiffs filed

suit in state court in June of 2012, and their case was removed to this Court in July of 2012.

[Dkt. 67 at 4.]  LG USA served discovery requests on Plaintiffs in September of 2012, to which

Plaintiffs responded the following month.  [Dkt. 158 at 1.]

Nearly a year later, LG USA informed Plaintiffs that "many of Plaintiffs' responses were wholly inadequate." [*Id.* at 2.] Over the course of the next four months, Plaintiffs and LG USA corresponded in an attempt to correct the inadequacies, but not all of LG USA's dissatisfaction was resolved. [*Id.*] Plaintiffs' counsel offered to discuss LG USA's dissatisfaction with Plaintiffs' responses with the Magistrate Judge in a discovery conference, as required by the Case Management Plan (CMP) [Dkt. 158-10 at 3], but LG USA failed to present any evidence that such a conference was ever requested [see Dkt. 158 at 1-10]. Instead, in February of 2014, LG USA moved to compel Plaintiffs' discovery responses to include Plaintiffs' 2012 Tax Returns and to include their damages incurred in obtaining consulting experts. [Dkt. 158 at 11-15.] The Court heard oral argument on the matter on May 16, 2014, and in August of 2014 the Court issued its order denying LG USA's motion to compel in its entirety and granting Plaintiffs the opportunity to move for reasonable attorney's fees under Federal Rule of Civil Procedure 37. [Dkt. 191.] Pursuant to the Court's instruction, Plaintiffs filed their motion for attorney fees and expenses, which is now before the Court. [Dkt. 195.]

## II. Discussion

Federal Rule of Civil Procedure 37 grants that, when a motion to compel is denied in the entirety, "the court . . . must . . . require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). The only exception to this mandate to award reasonable fees and expenses occurs "if the motion was substantially justified or other circumstances make an award of expenses unjust." *Id.* As always, when a party ignores a deadline to file materials with the Court, it is within the discretion of the district court to

decline to consider the untimely brief. *Jovanovic v. In-Sink-Erator Div. of Emerson Elec. Co.*, 201 F.3d 894, 896-97 (7th Cir. 2000).

First, Plaintiffs request that the Court ignore Defendants' response brief to Plaintiffs' motion for fees, alleging that it is untimely according to the timeline set forth by the Court in its order denying Defendants' motion to compel. [Dkt. 204 at 3.] Indeed, the order denying Defendants' motion to compel stated in no uncertain terms that "Plaintiffs shall file an itemized request for such fees and expenses within twenty-one (21) days of the date of this Order. **Defendant LG Electronics USA, Inc. may respond within seven (7) days thereafter**, and Plaintiffs may file a reply within seven (7) days of any response." [Dkt. 191 at 5 (emphasis added).] Plaintiffs' motion for fees and expenses was filed on August 25, twenty calendar days after the Court's order was issued, and Defendants did not file their response brief until September 8—*fourteen* calendar days after Plaintiffs filed their motion. Thus, the Court is within its discretion to decline to consider Defendants' response brief in considering Plaintiffs' motion for fees and expenses.

There are only two exceptions that might spare Defendants and their counsel from paying Rule 37 fees, the first being an instance where the motion was substantially justified. Fed. R. Civ. P. 37(a)(5)(B). Here, as reiterated by Plaintiffs in their reply brief, Defendants filed their motion to compel without first requesting a discovery conference with the Court, as required by the approved Case Management Plan. [Dkt. 21 at 2 ("If the required conference under Local Rule 37-1 does not resolve discovery issues that may arise, **the parties <u>will request</u> a telephonic status conference <u>prior to filing</u> any disputed motion to compel**") (emphasis added).] Defendants have presented no evidence that such request was ever made, nor does the Court have any record of such a request. [*See* Dkt. 191.] Accordingly, Defendants' filing of a motion

to compel was, in fact, utterly *unjustified*, and Defendants cannot find solace in this first exception to the mandatory award of reasonable fees and expenses.

The second and final exception to an award of Rule 37 fees upon the denial of a motion to compel is where "other circumstances make and award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). This is a rather flexible catch-all provision, which is of no assistance to a party that has waived their opposition arguments by filing an untimely response brief. However, even if the Court considers Defendants' brief, such consideration is not beneficial to Defendants' opposition. In their response brief, Defendants cite to no case law and no rules—not even the Rule 37 exceptions, which are Defendants' only avenues of successful opposition. [*See* Dkt. 203.] All five paragraphs of Defendants' response brief merely review that the central purpose for filing their motion to compel was to obtain Plaintiffs' tax returns over Plaintiffs' relevance objections, arguing that the fact that Plaintiffs then produced the tax return statements for confidential inspection at the July 2014 settlement conference is proof that Plaintiffs' original position was "conceded" and concluding that this alleged concession is evidence that Defendants' motion to compel was justified. [*Id.*]

In reply, Plaintiffs highlight the fact that the Court denied Defendants' motion to compel in part due to the fact that the discovery requests upon which the motion was based **did not request Plaintiffs' tax returns**. [Dkt. 204.] Additionally, Plaintiffs notify the Court that, after oral argument on Defendants' motion to compel, at which time Defendants were pressed to explain how Plaintiffs' tax returns would be responsive to the requests at issue therein, **Defendants served Plaintiffs with supplemental discovery requests for Plaintiffs' tax returns**, and it was in response to *this* request that Plaintiffs confidentially produced their tax returns for Defendants' inspection. [*Id.*] The Court finds it confounding, if not deliberately

misleading, that Defendants failed to mention these pointed, relevant supplemental requests in their response brief, and the Court finds that, with or without consideration of Defendants' reply brief, Defendants' opposition to Plaintiffs' motion for fees is without merit.

Having found that an award of fees and expenses is appropriate, the Court must still make a finding that the fees and expenses requested by the Plaintiffs are reasonable. *See Spanish Action Comm. of Chicago*, 811 F.2d at 1138. Reasonable attorney fees are equal to a reasonable rate multiplied by the number of hours reasonably expended on the motion—a calculation known as the "lodestar"—and "nothing else." *Johnson v. GDF, Inc.*, 668 F.3d 927, 929 (7th Cir.2012). The rate actually charged by the prevailing attorney is the rate to which the prevailing party is presumptively entitled, regardless of whether the attorney may charge a rate above or below the market average. *Gusman v. Unisys Corp.*, 986 F.2d 1146, 1150 (7th Cir.1993). With regard to the amount of hours reasonably expended, the district court is given exceptional discretion when determining whether the time an attorney spends on a motion before the judge is reasonable. *Gautreaux v. Chicago Hous. Auth.*, 491 F.3d 649, 659 (7th Cir.2007).

Here, the Court has already made the finding that Plaintiffs' counsel's hourly rate of $250 is reasonable. [*See* Dkt. 175 at 4.] Additionally, the Court finds that 16.1 hours is a reasonable number of hours for Plaintiffs' counsel to have expended on intelligible opposition to Defendants' motion to compel plus the time spent defending their motion for fees and expenses. [*See* Dkt. 195 at 2, Dkt. 204 at 3.] Thus, a reasonable fee award of $250 multiplied by 16.1, for a total of $4025, is more than appropriate. Moreover, Plaintiff allegedly spent $4.70 procuring an unpublished option that had been cited by Defendants in their motion to compel that "Defendants' counsel declined to provide a copy of after learning that Plaintiff's [sic] counsel did not use Westlaw or otherwise have access to the unpublished electronic decision." [Dkt. 195

at 1-2.] If true, the Court finds defense counsel's obstinance appalling, to say the least. Defendants make no response to this allegation in their response brief, and thus it is an obvious finding that, in addition to Plaintiffs' attorney fees, an award of $4.70 in expenses is reasonable pursuant to the terms of Rule 37.

### III. Conclusion

For the aforementioned reasons, the Court **GRANTS** Plaintiffs' Motion for Attorney Fees and Expenses Associated with Plaintiffs' Opposition to the LG Defendants' Motion to Compel. [Dkt. 195.] Accordingly, pursuant to Rule 37, Defendants LG Electronics USA, Inc. and LG Electronics, Inc. and their counsel, Johnson & Bell, Ltd., are held to be jointly and severally liable and are hereby **ORDERED** to pay Plaintiffs $4029.70 for their fees and expenses incurred in opposition to Defendants' motion to compel.

Date: 11/17/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Anna Muehling Mallon
CANTRELL STRENSKI & MEHRINGER, LLP
amallon@csmlawfirm.com

Dennis F. Cantrell
CANTRELL, STRENSKI & MEHRINGER, LLP
dcantrell@csmlawfirm.com

Jacob R. Cox
COX LAW OFFICE
jcox@coxlaw.org

Edward W. Hearn
JOHNSON & BELL, LTD.
hearne@jbltd.com

Susan Kathleen Swing
JOHNSON & BELL, LTD.
swingS@jbltd.com

Edward W. Hearn
JOHNSON & BELL, LTD.--Crown Point
hearne@jbltd.com

Susan Kathleen Swing
JOHNSON & BELL, LTD.--Crown Point
swingS@jbltd.com

Ricardo Anderson Hall
SPANGLER JENNINGS & DOUGHERTY PC
rhall@sjdlaw.com