UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MATTHEW  SLABAUGH,                )
BOBBIE  SLABAUGH,                )
                                 )
                    Plaintiffs,   )
                                 )        No. 1:12-cv-01020-RLY-MJD
             vs.                  )
                                 )
LG ELECTRONICS USA, INC.,         )
LG ELECTRONICS, INC.,             )
                                 )
                    Defendants.   )

## ORDER ON MOTION TO COMPEL

This matter comes before the Court on Matthew Slabaugh and Bobbie Slabaugh's

("Plaintiffs") Motion to Compel Discovery Responses.  [Dkt. 205.]  For the following reasons,

the Court hereby **GRANTS IN PART and DENIES IN PART** Plaintiffs' motion.

## I.  Background

Plaintiffs' case against LG Electronics USA, Inc. ("LG USA") and LG Electronics, Inc.

("LG Korea") (collectively "Defendants") involves claims for negligence and strict products

liability.  [Dkt. 85 at 23-25.]  In June of 2011, Plaintiffs' home suffered water damage, allegedly

caused by defective components in their LG brand washing machine.  [*Id.*]  After pursuing out-

of-court remedies, Plaintiffs filed suit in state court in June of 2012, and their case was removed

to this Court in July of 2012.  [Dkt. 67 at 4.]

In November of 2013, Defendant LG Korea entered its appearance in this matter, and two

weeks later Plaintiffs served their Requests for Production of Documents on LG Korea.  [Dkt.

206 at 1.]  Additionally, in July of 2014 Plaintiffs served a Second Request for Production of

1

Documents on LG Korea. [*Id.*] In response, LG Korea made numerous objections to Plaintiffs' requests and, in some cases, referred Plaintiffs to documents that had already been produced by LG USA, but LG Korea itself did not produce any documents in response to Plaintiffs' requests. [*Id.* at 2.] Accordingly, Plaintiffs made several attempts to acquire the requested documentation from Defendants and, when they were not successful, Plaintiffs requested a conference with the undersigned and received the Court's approval to file a motion to compel, which is now before the Court. [*Id.* at 3.]

Additionally, to clarify that they "admit liability," the LG Defendants moved to amend their answer in order to clarify that "the LG Defendants are no longer disputing that the washer at issue in this case was defective, and malfunctioned and caused a discharge of water into the Plaintiffs' home," which motion was granted by the Court on January 14, 2015**.** [Dkts. 196, 263.] In pertinent part, Defendants' amended answers admit that (1) Plaintiffs' washer malfunctioned by turning itself on and discharging a flow of laundry water into Plaintiffs' home, (2) Defendants are at fault for any damages proximately caused by the discharge of water, (3) Plaintiffs' washer was defective, (4) Plaintiffs' washer malfunctioned, and (5) Defendants are strictly liable for all damages to Plaintiffs and their property that resulted from the defective condition of their washer. [Dkts. 264, 265 at ¶¶ 8, 9, 12, and 128.]

Significantly, Defendants' amended answers do not admit to Plaintiffs' claims that (1) Defendants owed a duty to Plaintiffs to promptly and reasonably resolve Plaintiffs' Washer claim with regard to Plaintiffs' negligent infliction of emotional distress claim, (2) Defendants' breach proximately caused harm to Plaintiffs, including mental, emotional, and physical harm with regard to Plaintiffs' negligent infliction of emotional distress claim, (3) damages exist above the amount reimbursed by State Farm for which Defendants are liable with regard to Plaintiffs'

strict products liability claim, and (4) Defendants undertook and had a duty to resolve Plaintiffs' Washer claim in a timely manner with regard to Plaintiffs negligence claim. [Dkts. 264, 265 at ¶¶ 116, 118, 129, and 131.] While the Court acknowledges that cross motions for summary judgment are pending [Dkts. 209, 221], the District Judge has not yet ruled on such motions. Therefore, all of Plaintiffs' claims and Defendants' defenses remain pending before the Court as plead.

## II. Discussion

Rule 37 permits a motion to compel a required disclosure upon "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a). A required disclosure, as broadly defined by Rule 26, includes any information that a party may use to support its claims. Fed. R. Civ. P. 26 (a)(1)(A). "For good cause, the court may order discovery of any matter relevant" to the issues of the case. Fed. R. Civ. P. 26 (b)(1). "Thus, the scope of discovery should be broad in order to aid in the search for truth." *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006). When a party raises objections to discovery requests, the objecting party bears the burden of proving that a discovery request is improper. See, e.g., *Janssen v. Howse*, 09-CV-3340, 2011 WL 2533809 (C.D. Ill. June 27, 2011); *Cunningham v. Smithkline Beecham*, 255 F.R.D. 474, 478 (N.D. Ind. 2009). Ultimately, this Court has "broad discretion in discovery matters, [including a] motion to compel discovery." *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 646 (7th Cir. 2001).

Here, Plaintiffs made thirty requests for various productions in their First Requests for Production of Documents they served on LG Korea. [Dkt. 206-1.] In response, LG Korea objected to all but three of the requests made by Plaintiffs. [*See* Dkt. 206-2.] In order to fully discuss each request and objection, the Court will now address each request in turn.

**A. Request No. 1**

Plaintiffs' Request for Production Number 1 reads:

> All documents, including but not limited to any correspondence, emails, logs, text messages, or other documents, relating to, referencing, or evidencing communications between you and the Slabaughs from June 23, 2011, to January 1, 2012.

[Dkt. 206-2 at 1.] Defendant LG Korea responded to this request as follows:

> Defendant objects to Request #1 as it is not reasonably calculated to lead to the discovery of admissible evidence in light of the fact that LG Electronics, Inc. has admitted the allegations related to liability for the overflow of the purported washer, which is the subject of the Plaintiffs' Complaint, with the intent to proceed in the defense of this case on the issues of the nature, extent, and proximate cause of Plaintiffs' damages, which are denied and disputed by it.

> Without waiving said objection, Defendant states as follows: this Defendant is in possession of no such documents.

[*Id.*] While the Court acknowledges that LG Korea has, indeed, filed an Amended Answer that admits to the washer's defect and to its overflow of water therefrom [*see* Dkt. 265], such admission does not dispel this request of any relevance to the remaining issues of the matter. Pursuant to Rule 26, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Court, having considered Plaintiffs' Request No. 1, finds that the communications requested remain relevant to the matter in spite of LG's admissions, as they, as the very least, are reasonably calculated to lead to the discovery of admissible evidence regarding Plaintiffs' claims that Defendants had a duty to resolve Plaintiffs' Washer claim in a timely manner. Therefore, LG Korea's objection is overruled, and LG Korea is ordered to provide a complete and unequivocal response thereto.

That being said, LG Korea *did* make a response to this request. Rule 26 requires that the disclosing party provide discovery that is "in its possession, custody, or control." Fed. R. Civ. P.

26(a)(1)(A)(iii).  While LG Korea writes only that it is "in possession" of no such documents without noting whether such documents are within LG Korea's custody or control, LG has assured the Court in its response to Plaintiffs' motion to compel that "LG Korea is not in possession, custody *or control* of documents requested pursuant to Requests 1, 2, 7, 9 or 13 of Plaintiffs' requests."  [Dkt. 216 at 6.]  The Court cannot compel a party to disclose that which it does not have, though Defendants' attorneys are reminded that if it comes to light that any such responsive documents *do* exist, they would be exposing themselves and their clients to sanctions pursuant to Rules 11 and 37 of the Federal Rules of Civil Procedure by any continued failure to produce such documents.

### B.  Request No. 2

Plaintiffs' Request for Production Number 2 reads:

> All documents, including but not limited to any correspondence, emails, logs, text messages, or other documents, relating to, referencing, or evidencing communications between you and State Farm regarding the Slabaughs' Insurance Claim and/or the Insured Event from June 23, 2011 to present.

[Dkt. 206-2 at 1.]  Defendant LG Korea responded to this request as follows:

> Defendant objects to Request #2 as it is not reasonably calculated to lead to the discovery of admissible evidence in light of the fact that LG Electronics, Inc. has admitted the allegations related to liability for the overflow of the purported washer, which is the subject of the Plaintiffs' Complaint, with the intent to proceed in the defense of this case on the issues of the nature, extent, and proximate cause of Plaintiffs' damages, which are denied and disputed by it.

> Without waiving said objection, Defendant states as follows:  this Defendant is in possession of no such documents.

[*Id.* at 2.]  Save the transposition of "#2" in place of "#1," this objection and response combination is identical to LG Korea's objection and response to Plaintiffs' Request No. 1.  For the same reasons set forth above in Section II.A., the Court overrules LG Korea's objection and orders LG Korea to provide a complete and unequivocal response to this request.  However,

again the Court cannot compel the disclosure of documents that LG Korea has assured the Court it does not have within its possession, custody, or control. The Court would remind LG Korea that documents in its counsel's possession are within LG Korea's control and would be subject to this order if responsive to any of Plaintiffs' discovery requests.

### C. Request No. 3

Plaintiffs' Request for Production Number 3 reads:

> All documents, including but not limited to any correspondence, emails, notes, text messages, internal documents, or other documents in your possession relating to, referencing, or evidencing communications by or documents in the possession of you and/or anyone else regarding the Slabaughs, the Washer Components, the Slabaughs' Manufacturer Claim, or the Slabaughs' Insurance Claim.

[Dkt. 206-2 at 2.] Defendant LG Korea responded to this request as follows:

> Defendant objects to Request #3 as it is not reasonably calculated to lead to the discovery of admissible evidence in light of the fact that LG Electronics, Inc. has admitted the allegations related to liability for the overflow of the purported washer, which is the subject of the Plaintiffs' Complaint, with the intent to proceed in the defense of this case on the issues of the nature, extent, and proximate cause of Plaintiffs' damages, which are denied and disputed by it.

> Without waiving said objection, Defendant states as follows: this Defendant is in possession of no such documents **reasonably calculated to lead to the discovery of admissible evidence related to the Plaintiffs' claims for damages**.

[*Id.* (emphasis added).] Again, save the transposition of "#3" in place of "#1," this objection is identical to LG Korea's objection to Plaintiffs' Request No. 1. Therefore, for the same reasons set forth above in Section II.A., the Court overrules LG Korea's objection and orders LG Korea to provide a complete and unequivocal response to this request.

Although it would appear that LG Korea has made the same response to Request No. 3 as it made to Requests No. 1 and 2, that is not the case. Significantly, LG Korea states only that it does not possess "such documents reasonably calculated to lead to the discovery of admissible evidence related to the Plaintiffs' claims for damages." This is a wholly inadequate and evasive

response.  It is not the role of the Defendant to determine that a request is not relevant—the producing party must object to a request for its lack of relevance, and the Court must then rule on such objection.  *See* Fed. R. Civ. P. 26(a)(1)(C), (a)(3)(B).  Here, LG Korea made such an objection, which the Court had overruled.  Therefore, LG Korea is ordered to make a complete and unequivocal response to Plaintiffs' Request No. 3, producing **all** documents responsive thereto without regard to Defendants' opinion regarding their relevance.

### D.  Request No. 4

Plaintiffs' Request for Production Number 4 reads:

All documents evidencing, setting forth, or otherwise relating to information or instructions provided to your employees and agents, including but not limited to training guides or materials, emails, news bulletins, operation guides, procedure memos, claim-handling manuals, employee manuals, personnel manuals, supervisors [sic] manuals, manager manuals, policy interpretation documents, or other documents, regarding how claims and/or the testing of allegedly defective parts or components, such as the Washer Components, are to be handled by your adjustors, employees and or [sic] agents and that were provided, given, or otherwise made available to any of your employees, contractors, or similar agents who handled, worked on, or otherwise were involved in the handling of the Slabaughs' Manufacturer Claim.

[Dkt. 206-2 at 2.]  Defendant LG Korea responded to this request as follows:

Defendant objects to Request #4 as it is not reasonably calculated to lead to the discovery of admissible evidence in light of the fact that LG Electronics, Inc. has admitted the allegations related to liability for the overflow of the purported washer, which is the subject of the Plaintiffs' Complaint, with the intent to proceed in the defense of this case on the issues of the nature, extent, and proximate cause of Plaintiffs' damages, which are denied and disputed by it.

Without waiving said objection, Defendant states as follows:  this Defendant is in possession of no such documents reasonably calculated to lead to the discovery of admissible evidence related to the Plaintiffs' claims for damages.

[*Id.* at 2-3.]  Save the transposition of "#4" in place of "#3," this objection and response combination is identical to LG Korea's objection and response to Plaintiffs' Request No. 3.  For

the same reasons set forth above in Section II.C., the Court overrules LG Korea's objection, and

LG Korea is ordered to make a complete and unequivocal response to Plaintiffs' Request No. 4.

### E. Request No. 5

Plaintiffs' Request for Production Number 5 requests documents and information more

closely related in subject matter to Plaintiffs' requests numbered 9 through 19. Accordingly,

Plaintiffs' Request #5 will be addressed hereinafter in Section E-1.

### F. Request No. 6

Plaintiffs' Request for Production Number 6 reads:

> A complete copy of any and all file(s), including any claim file(s), you maintain
> for or in relation to the Slabaughs, the Slabaughs' Manufacturer Claim, the
> Insured Event, and/or the Washer Components.

[Dkt. 206-2 at 3.] Defendant LG Korea responded to this request as follows:

> Defendant objects to Request #6 as it is not reasonably calculated to lead to the
> discovery of admissible evidence in light of the fact that LG Electronics, Inc. has
> admitted the allegations related to liability for the overflow of the purported
> washer, which is the subject of the Plaintiffs' Complaint, with the intent to
> proceed in the defense of this case on the issues of the nature, extent, and
> proximate cause of Plaintiffs' damages, which are denied and disputed by it.
> **Defendant further objects as said Request seeks information that is subject to
> the Attorney Client privilege and/or the Work Product doctrine. Any
> documents maintained related to Plaintiffs' claim which are not otherwise
> discoverable contain theories of defense, mental impressions regarding the
> case and claim, and communications with Defendant's insurance carrier.**
>
> Without waiving said objection, Defendant states as follows: this Defendant is in
> possession of no such documents reasonably calculated to lead to the discovery of
> admissible evidence related to the Plaintiffs' claims for damages.

[*Id.* (emphasis added).] The Court interprets this request as making two general document

requests: (1) all file(s) maintained pertaining to Plaintiffs and their claim event and (2) all file(s)

maintained pertaining to other claim events involving the Washer Components. Having

considered Plaintiffs' Request No. 6, the Court finds that the files requested remain relevant to

the matter in spite of LG's admissions, as they, as the very least, are reasonably calculated to lead to the discovery of admissible evidence relating to Plaintiffs' claims that Defendants had a duty to resolve Plaintiffs' Washer claim in a timely manner, and LG Korea's rote relevance objection is overruled.

Next, LG Korea adds an additional objection to its response, alleging that Request No. 6 seeks privileged information. Even if a request for production *does* seek such information, however, a refusal to divulge any responsive information is an improper response. Rule 26 provides that when any information or documents are withheld during discovery on the basis of privilege or the work product doctrine, the withholding party must (1) expressly claim the privilege and (2) describe each document, communication, or tangible thing being withheld "in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the claim [of privilege]." Fed. R. Civ. P. 26(b)(5)(A). The Seventh Circuit has "well-settled law governing the required content of privilege logs," so LG Korea should have had little trouble in putting together such a satisfactory privilege log when it responded to Plaintiffs' discovery requests. *Novelty, Inc. v. Mountain View Mktg., Inc.*, 265 F.R.D. 370, 380 (S.D. Ind. 2009). There is no evidence that LG Korea made even an attempt to provide Plaintiffs with a privilege log, and LG must take such measure before it can avoid responding to Request. No. 6.

Finally, LG Korea adds the improper "response" seen in its responses to Requests. No. 3 and 4, which improperly concludes that the request seeks irrelevant information. Having already overruled LG Korea's relevance objection, the Court orders LG Korea to make a complete and unequivocal response to Plaintiffs' Request No. 6, only withholding allegedly privileged and/or work product documents and providing the required log "in a manner that, without revealing

information itself privileged or protected, will enable the other parties to assess the claim [of privilege]," pursuant to Rule 26.

### G. Request No. 7

Plaintiffs' Request for Production Number 7 reads:

> All documents that were obtained by you from, or produced to you by, non-parties or State Farm in relation to the Insured Event, the Slabaughs' Manufacturer Claim, the Slabaughs' Insurance Claim, and/or those matters set forth in the Complaint.

[Dkt. 206-2 at 3.] Defendant LG Korea responded to this request as follows:

> Defendant objects to Request #7 as it is not reasonably calculated to lead to the discovery of admissible evidence in light of the fact that LG Electronics, Inc. has admitted the allegations related to liability for the overflow of the purported washer, which is the subject of the Plaintiffs' Complaint, with the intent to proceed in the defense of this case on the issues of the nature, extent, and proximate cause of Plaintiffs' damages, which are denied and disputed by it.
>
> Without waiving said objection, Defendant states as follows: this Defendant is in possession of no such documents.

[*Id.* at 3-4.] Save the transposition of "#7" in place of "#1," this objection and response combination is identical to LG Korea's objection and response to Plaintiffs' Request No. 1. For the same reasons set forth above in Section II.A., the Court overrules LG Korea's objection and orders LG Korea to provide a complete and unequivocal response to this request. However, again the Court cannot compel the disclosure of documents that LG Korea has assured the Court it does not have within it possession, custody, or control.

### H. Request No. 8

Plaintiffs' Request for Production Number 8 reads:

> All documents, including but not limited to emails, statements, affidavits, or other documents, relating to or evidencing communications with non-parties or State Farm, by you or anyone else, in relation to the Insured Event, the Slabaughs' Manufacturer Claim, the Slabaughs' Insurance Claim, and/or those matters set forth in the Complaint.

[Dkt. 206-2 at 4.] Defendant LG Korea responded to this request as follows:

> Defendant objects to Request #8 as it is not reasonably calculated to lead to the discovery of admissible evidence in light of the fact that LG Electronics, Inc. has admitted the allegations related to liability for the overflow of the purported washer, which is the subject of the Plaintiffs' Complaint, with the intent to proceed in the defense of this case on the issues of the nature, extent, and proximate cause of Plaintiffs' damages, which are denied and disputed by it.
>
> Without waiving said objection, Defendant states as follows: this Defendant is in possession of no such documents reasonably calculated to lead to the discovery of admissible evidence related to the Plaintiffs' claims for damages.

[*Id.*] Save the transposition of "#8" in place of "#3," this objection and response combination is identical to LG Korea's objection and response to Plaintiffs' Request No. 3. For the same reasons set forth above in Section II.C., the Court overrules LG Korea's objection, and LG Korea is ordered to make a complete and unequivocal response to Plaintiffs' Request No. 8.

## I. Request No. 9

Plaintiffs' Request for Production Number 9 reads:

> All documents, including but not limited to any pictures, videos, reports, memos, emails, or other documents evidencing, referencing, or relating to any testing, analysis, or inspection of the Washer and/or the Washer Components.

[Dkt. 206-2 at 4.] Defendant LG Korea responded to this request as follows:

> Defendant objects to Request #9 as it is not reasonably calculated to lead to the discovery of admissible evidence in light of the fact that LG Electronics, Inc. has admitted the allegations related to liability for the overflow of the purported washer, which is the subject of the Plaintiffs' Complaint, with the intent to proceed in the defense of this case on the issues of the nature, extent, and proximate cause of Plaintiffs' damages, which are denied and disputed by it.
>
> Without waiving said objection, Defendant states as follows: this Defendant is in possession of no such documents.

[*Id.*] Save the transposition of "#9" in place of "#1," this objection and response combination is identical to LG Korea's objection and response to Plaintiffs' Request No. 1.

This request transitions into a new section within Plaintiffs' requests, requesting the disclosure of "documents sought regarding the design of the Washer, the nature of the defect, LG's knowledge of that defect, and/or alternative designs that could have prevented the damage suffered by Plaintiffs," which Plaintiffs assert are directly relevant to their punitive damages claim. [Dkt. 206 at 8.] In response, Defendants make no argument, primarily or in the alternative, that that such categories of inquiry are not relevant to a properly plead claim for punitive damages. Instead, Defendants rely solely on their vehement assertion that such categories of requests are not relevant because "Plaintiffs have failed to adequately allege punitive damages pursuant to F.R.C.P. 8(a)(2)." The Federal Rule of Civil Procedure cited by Defendants merely requires that a claim for relief contain "a short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As recently interpreted by the Supreme Court and the Seventh Circuit, Rule 8 "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court," and "the statement need only give the defendant **fair notice** of what the . . . claim is and the grounds upon which it rests." *Brooks v. Ross*, 578 F.3d 574, 580-81 (7th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Erickson v. Pardus*, 551 U.S. 89 (2007); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)) (omission in original).

Here, it is true that Plaintiffs did not discuss the LG Defendants in "Count IX: Claim for Punitive Damages" in their amended Complaint. [Dkt. 85 at 25.] However, Plaintiffs conclude "Count VI: Negligent Infliction of Emotional Distress (Against LG and State Farm)" with the following paragraph: "WHEREFORE, the Slabaughs pray for judgment against Defendants State Farm **and LG** for actual **and exemplary damages**, treble damages, for attorneys fees and costs, for pre- and post-judgment interest, and for all other relief just and proper in the premises." [*Id.*

12

at 22-23 (emphasis added).]  Because exemplary damages and punitive damages are one and the same, *see Atl. Sounding Co. v. Townsend*, 557 U.S. 404, 410 (2009) ("a jury may inflict what are called exemplary, punitive, or vindictive damages upon a defendant"), the Court finds that the LG Defendants received fair notice of the punitive damages claim against them.  The fact that the punitive damages claim against State Farm was made more clearly does not diminish the fair notice given to LG, and thus Defendants' argument fails.

Accordingly, Plaintiffs have sufficiently made a claim for punitive damages against LG, and the Court overrules LG Korea's objections to Request No. 9 and LG Korea is ordered to provide a complete and unequivocal response thereto.[1]  However, identically to its responses to Requests. No. 1, 2, and 7, LG Korea has assured the Court it does not have any documents responsive to Request No. 9 within its possession, custody, or control, and the Court cannot compel a party to disclose that which it does not have.  It is notable that, because the absence of documents is evidence in and of itself, Plaintiffs will, by virtue of Defendants' response to this request, be able to demonstrate at trial that LG Korea, the manufacturer of the Washer, has certified that it possesses, controls, or has in its custody no documents evidencing any testing conducted with regard to the Washer or the Washer Components.

### J.   Request No. 10

Plaintiffs' Request for Production Number 10 reads:

All invoices, contracts, installation orders, repair orders, or other documents relating to the sale, delivery, installation and/or repair of the Washer.

[Dkt. 206-2 at 4.]  Defendant LG Korea responded to this request as follows:

Defendant objects to Request #10 as it is not reasonably calculated to lead to the discovery of admissible evidence in light of the fact that LG Electronics, Inc. has

---

[1] Again, the fact that Plaintiffs' punitive damages claim is in part the subject of the pending motions for summary judgment is no basis to deny discovery on what is clearly a "claim or defense" in the case.

admitted the allegations related to liability for the overflow of the purported washer, which is the subject of the Plaintiffs' Complaint, with the intent to proceed in the defense of this case on the issues of the nature, extent, and proximate cause of Plaintiffs' damages, which are denied and disputed by it.

Without waiving said objection, Defendant states as follows: this Defendant is in possession of no such documents reasonably calculated to lead to the discovery of admissible evidence related to the Plaintiffs' claims for damages.

[*Id.* at 4-5.] Save the transposition of "#10" in place of "#8," this objection and response combination is identical to LG Korea's objection and response to Plaintiffs' Request No. 8. Because this request also falls within the broader categories of "documents sought regarding the design of the Washer, the nature of the defect, LG's knowledge of that defect, and/or alternative designs that could have prevented the damage suffered by Plaintiffs," this request seeks relevant materials, as discussed in Section II.I above, and LG Korea's relevance objection is overruled. Additionally, LG Korea makes the same improper "response" seen in its responses to Requests. No. 3, 4, and 6, which improperly concludes that the request seeks irrelevant information. Having overruled LG Korea's relevance objection, the Court orders LG Korea to make a complete and unequivocal response to Plaintiffs' Request No. 10.

**K.  Request No. 11**

Plaintiffs' Request for Production Number 11 reads:

All documents evidencing, containing or relating to claims or notices of complaints and/or inquiries relating to alleged injuries or defects associated with the accidental or involuntary discharge of washer [sic] from LG clothes washers from January 1, 2002 to present.

[Dkt. 206-2 at 5.] Defendant LG Korea responded to this request as follows:

Defendant objects to Request #11 as it is not reasonably calculated to lead to the discovery of admissible evidence in light of the fact that LG Electronics, Inc. has admitted the allegations related to liability for the overflow of the purported washer, which is the subject of the Plaintiffs' Complaint, with the intent to proceed in the defense of this case on the issues of the nature, extent, and proximate cause of Plaintiffs' damages, which are denied and disputed by it.

Without waiving said objection, Defendant states as follows: this Defendant is in possession of no such documents reasonably calculated to lead to the discovery of admissible evidence related to the Plaintiffs' claims for damages.

[*Id.*] Save the transposition of "#11" in place of "#10," this objection and response combination is identical to LG Korea's objection and response to Plaintiffs' Request No. 10. For the same reasons set forth above in Section II.J., the Court overrules LG Korea's objection. Additionally, the Court acknowledges that there exists a scrivener's error in Plaintiffs' Request No. 11, inadvertently substituting the word "washer" for "water." In an abundance of caution, the Court further clarifies the request to read: "All documents evidencing, containing or relating to claims or notices of complaints and/or inquiries relating to alleged injuries or defects associated with the accidental or involuntary discharge of water from LG clothes washers from January 1, 2002 to present." Accordingly, LG Korea is ordered to make a complete and unequivocal response to Plaintiffs' Request No. 11, as clarified by the Court.

## L.  Request No. 12

Plaintiffs' Request for Production Number 12 reads:

Any and all complaints or lawsuits filed by any plaintiff against you in relation to the purported accidental or involuntary discharge of water from an LG clothes washer.

[Dkt. 206-2 at 5.] Defendant LG Korea responded to this request as follows:

Defendant objects to Request #12 as it is not reasonably calculated to lead to the discovery of admissible evidence in light of the fact that LG Electronics, Inc. has admitted the allegations related to liability for the overflow of the purported washer, which is the subject of the Plaintiffs' Complaint, with the intent to proceed in the defense of this case on the issues of the nature, extent, and proximate cause of Plaintiffs' damages, which are denied and disputed by it.

Without waiving said objection, Defendant states as follows: this Defendant is in possession of no such documents reasonably calculated to lead to the discovery of admissible evidence related to the Plaintiffs' claims for damages.

[*Id*.] Save the transposition of "#12" in place of "#10," this objection and response combination is identical to LG Korea's objection and response to Plaintiffs' Request No. 10. For the same reasons set forth above in Section II.J., the Court overrules LG Korea's objection, and LG Korea is ordered to make a complete and unequivocal response to Plaintiffs' Request No. 12.

**M. Request No. 13**

Plaintiffs' Request for Production Number 13 reads:

Any and all documents, warranties, brochures, labels or other materials that were subsequently added to the subject Washer since the time of its manufacture.

[Dkt. 206-2 at 5.] Defendant LG Korea responded to this request as follows:

Defendant objects to Request #13 as it is not reasonably calculated to lead to the discovery of admissible evidence in light of the fact that LG Electronics, Inc. has admitted the allegations related to liability for the overflow of the purported washer, which is the subject of the Plaintiffs' Complaint, with the intent to proceed in the defense of this case on the issues of the nature, extent, and proximate cause of Plaintiffs' damages, which are denied and disputed by it. **Defendant further objects as Plaintiffs' request is vague such that Defendant has no way of knowing what documents Plaintiffs are seeking.**

Without waiving said objection, Defendant states as follows: this Defendant is in possession of no such documents.

[*Id*. at 5-6 (emphasis added).] LG Korea's relevance objection is identical to the one seen in each response thus far, and, because a responsive disclosure could lead to the discovery of admissible evidence, as discussed in Section II.I above, the Court overrules Defendants' relevance objection and orders LG Korea to provide a complete and unequivocal response to this request.

Additionally, LG Korea objects to Plaintiffs' Request No. 13 because it is "vague such that Defendant has no way of knowing what documents Plaintiffs are seeking." Upon review, the Court does not find the request vague and overrules LG Korea's objection, but nonetheless will clarify the request as seeking "any and all documents, warranties, brochures, labels or other

materials that were issued with respect to the Washer after the date that the Washer was manufactured." However, again, LG Korea has assured the Court that no such documents are in its possession, custody, or control, as discussed in Section II.A. above, and the Court cannot compel a party to disclose that which it does not have in its possession, custody, or control.

### N. Request No. 14

Plaintiffs' Request for Production Number 14 reads:

> All documents, including but not limited to an organizational chart, book or manual, that include and/or describe the departments, committees or groups involved in the design, distribution, sale and testing of the Washer.

[Dkt. 206-2 at 6.] Defendant LG Korea responded to this request as follows:

> Defendant objects to Request #14 as it is not reasonably calculated to lead to the discovery of admissible evidence in light of the fact that LG Electronics, Inc. has admitted the allegations related to liability for the overflow of the purported washer, which is the subject of the Plaintiffs' Complaint, with the intent to proceed in the defense of this case on the issues of the nature, extent, and proximate cause of Plaintiffs' damages, which are denied and disputed by it. **Defendant further objects as said request is not reasonably calculated to lead to the discovery of admissible evidence as it seeks documents which contain proprietary business information and trade secrets.**
>
> Without waiving said objection, Defendant states as follows: this Defendant is in possession of no such documents reasonably calculated to lead to the discovery of admissible evidence related to the Plaintiffs' claims for damages.

[*Id*. (emphasis added).] With regard to LG Korea's relevance objection, the Court addressed this objection in detail in Section II.I, and it is overruled for the same reasons discussed therein. As for LG Korea's objection that the requested documents contain "proprietary business information and trade secrets," "[t]here is no per se privilege exempting trade secrets from discovery." *Hamilton v. State Farm Mut. Auto. Ins. Co.*, 204 F.R.D. 420, 422 (S.D. Ind. 2001). Instead, Federal Rule of Civil Procedure 26(c) protects the unnecessary disclosure of trade secret information through the court's discretionary issuance of protective orders. *Id.* Rule 26(c) not

only applies to alleged trade secrets but also "other confidential . . . commercial information." Fed. R. Civ. P. 26. Not only has LG Korea not moved for such a protective order pursuant to Rule 26, instead electing to make a heedless objection, but such a protective order *already exists*. LG entered into an agreed protective order so that it could review such confidential materials when produced by State Farm, and so LG is clearly aware of the proper recourse. [Dkt. 61.] Accordingly, LG Korea's confidentiality objection is overruled.

Finally, LG Korea adds the improper "response" seen in its responses to Requests. No. 3, 4, 6, 8, 10, 11, and 12, which improperly concludes that the request seeks irrelevant information. Having already overruled both of LG Korea's objections, the Court orders LG Korea to make a complete and unequivocal response to Plaintiffs' Request No. 14.

### O. Request No. 15

Plaintiffs' Request for Production Number 15 reads:

All documents containing or evidencing engineering drawings, blueprints, and/or specifications for the Washer.

[Dkt. 206-2 at 6.] Defendant LG Korea responded to this request as follows:

Defendant objects to Request #15 as it is not reasonably calculated to lead to the discovery of admissible evidence in light of the fact that LG Electronics, Inc. has admitted the allegations related to liability for the overflow of the purported washer, which is the subject of the Plaintiffs' Complaint, with the intent to proceed in the defense of this case on the issues of the nature, extent, and proximate cause of Plaintiffs' damages, which are denied and disputed by it. Defendant further objects as said request is not reasonably calculated to lead to the discovery of admissible evidence as it seeks documents which contain proprietary business information and trade secrets.

Without waiving said objection, Defendant states as follows: this Defendant is in possession of no such documents reasonably calculated to lead to the discovery of admissible evidence related to the Plaintiffs' claims for damages.

[*Id.*] Save the transposition of "#15" in place of "#14," this objection and response combination is identical to LG Korea's objection and response to Plaintiffs' Request No. 14. Again,

Defendants did not oppose Plaintiffs' assertion that "the documents sought regarding the design of the Washer . . . are directly relevant (and would be admissible evidence) for not just the issue of liability, but also whether punitive damages could be sought at trial and awarded to Plaintiffs," merely arguing that Plaintiffs did not properly allege punitive damages against Defendants, as resolved above. [*See*, Dkt. 206 at 8, Dkt. 216.] In so failing to make an argument in the alternative, Defendants have waived any such argument that the requested documents are not relevant to Plaintiffs' properly asserted punitive damages claim. *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 627 (7th Cir. 2014) (underdeveloped, conclusory, and skeletal "arguments" are deemed waived). Thus, for the same reasons set forth above in Section II.N., the Court overrules LG Korea's objection, and LG Korea is ordered to make a complete and unequivocal response to Plaintiffs' Request No. 15.

### E-1. Request No. 5

Plaintiffs' Request for Production Number 5 reads:

A complete copy of the owner's manual, user's manual, service manual, repair manual, parts list, warranty documents, or other ownership, use, service or maintenance documents relating to the Washer.

[Dkt. 206-2 at 3.] Defendant LG Korea responded to this request as follows:

Defendant objects to Request #5 as it is not reasonably calculated to lead to the discovery of admissible evidence in light of the fact that LG Electronics, Inc. has admitted the allegations related to liability for the overflow of the purported washer, which is the subject of the Plaintiffs' Complaint, with the intent to proceed in the defense of this case on the issues of the nature, extent, and proximate cause of Plaintiffs' damages, which are denied and disputed by it.

Without waiving said objection, Defendant states as follows: See documents previously produced by LG Electronics USA, Inc.

[*Id.*] Again, save the transposition of "#5" in place of "#9," LG Korea's relevance objection is identical to its objection to Plaintiffs' Request No. 9. Although LG Korea indicates

that LG USA has already produced the documents sought, the Court, in an abundance of caution, reminds Defendants of their Rule 26(e)(1) duty to seasonably and timely supplement their discovery responses as necessary. Therefore, and for the same reasons set forth above in Section II.I., the Court overrules LG Korea's objection and orders LG Korea to provide a complete and unequivocal response to Plaintiffs' Request No. 5.

### P. Request No. 16

Plaintiffs' Request for Production Number 16 reads:

> All documents containing, evidencing, or relating to the test protocol, test result, analysis, summary, videotape, photograph, film, or other written or recorded item, for any testing, inspection or analysis of the Washer by you or any of your agents.

[Dkt. 206-2 at 7.] Defendant LG Korea responded to this request as follows:

> Defendant objects to Request #16 as it is not reasonably calculated to lead to the discovery of admissible evidence in light of the fact that LG Electronics, Inc. has admitted the allegations related to liability for the overflow of the purported washer, which is the subject of the Plaintiffs' Complaint, with the intent to proceed in the defense of this case on the issues of the nature, extent, and proximate cause of Plaintiffs' damages, which are denied and disputed by it.
>
> Without waiving said objection, Defendant states as follows: this Defendant is in possession of no such documents.

[*Id*.] Again, LG Korea's relevance objection is identical to the one seen in each response thus far, and, because a responsive disclosure could lead to the discovery of admissible evidence, as discussed in Section II.I above, the Court overrules Defendants' relevance objection. However, LG Korea has, again, assured the Court that no such documents are in its possession, custody, or control, as discussed in Section II.A. above, and the Court cannot compel a party to disclose that which it does not have in its possession, custody, or control. Here again, as observed with regard to Defendants' response to Plaintiffs' Request No. 9 noted in Section II.I above and because the absence of documents is evidence in and of itself, Plaintiffs will, by virtue of Defendants'

response to this request, be able to demonstrate at trial that LG Korea has no documentary evidence of any tests or inspections of the Washer nor any evidence that there exists any protocols for any tests or inspections of the Washer.

## Q. Request No. 17

Plaintiffs' Request for Production Number 17 reads:

> Any and all documents relating to or evidencing consideration and design alternatives to minimize the risk of accidental or involuntary discharge of water from LG clothes washers.

[Dkt. 206-2 at 7.] Defendant LG Korea responded to this request as follows:

> Defendant objects to Request #17 as it is not reasonably calculated to lead to the discovery of admissible evidence in light of the fact that LG Electronics, Inc. has admitted the allegations related to liability for the overflow of the purported washer, which is the subject of the Plaintiffs' Complaint, with the intent to proceed in the defense of this case on the issues of the nature, extent, and proximate cause of Plaintiffs' damages, which are denied and disputed by it. Defendant further objects as said request is not reasonably calculated to lead to the discovery of admissible evidence as it seeks documents which contain proprietary business information and trade secrets.

> Without waiving said objection, Defendant states as follows: this Defendant is in possession of no such documents reasonably calculated to lead to the discovery of admissible evidence related to the Plaintiffs' claims for damages.

[*Id.*] Save the transposition of "#17" in place of "#14," this objection and response combination is identical to LG Korea's objection and response to Plaintiffs' Request No. 14. For the same reasons set forth above in Section II.N., the Court overrules LG Korea's objection, and LG Korea is ordered to make a complete and unequivocal response to Plaintiffs' Request No. 17.

## R. Request No. 18

Plaintiffs' Request for Production Number 18 reads:

> All documents, including but not limited to correspondence, emails, inter-office memoranda, reports, summaries, or other written or recorded items, relating to the accidental or involuntary discharge of water from LG clothes washers from January 1, 2001 to present.

[Dkt. 206-2 at 7.] Defendant LG Korea responded to this request as follows:

> Defendant objects to Request #18 as it is not reasonably calculated to lead to the discovery of admissible evidence in light of the fact that LG Electronics, Inc. has admitted the allegations related to liability for the overflow of the purported washer, which is the subject of the Plaintiffs' Complaint, with the intent to proceed in the defense of this case on the issues of the nature, extent, and proximate cause of Plaintiffs' damages, which are denied and disputed by it. Defendant further objects as said request is not reasonably calculated to lead to the discovery of admissible evidence as it seeks documents which contain proprietary business information and trade secrets.

> Without waiving said objection, Defendant states as follows: this Defendant is in possession of no such documents reasonably calculated to lead to the discovery of admissible evidence related to the Plaintiffs' claims for damages.

[*Id*. at 7-8] Save the transposition of "#18" in place of "#14," this objection and response

combination is identical to LG Korea's objection and response to Plaintiffs' Request No. 14. For

the same reasons set forth above in Section II.N., the Court overrules LG Korea's objection, and

LG Korea is ordered to make a complete and unequivocal response to Plaintiffs' Request No. 18.

### S.  Request No. 19

Plaintiffs' Request for Production Number 19 reads:

> All documents evidencing or relating to communications with the Consumer Products Safety Commission, the Association of Home Appliance Manufacturers, Underwriters Laboratories, and/or any other industry consumer or federal organization or agency, in relation to the accidental or involuntary discharge of water from LG clothes washers form January 1, 2001 to present.

[Dkt. 206-2 at 8.] Defendant LG Korea responded to this request as follows:

> Defendant objects to Request #19 as it is not reasonably calculated to lead to the discovery of admissible evidence in light of the fact that LG Electronics, Inc. has admitted the allegations related to liability for the overflow of the purported washer, which is the subject of the Plaintiffs' Complaint, with the intent to proceed in the defense of this case on the issues of the nature, extent, and proximate cause of Plaintiffs' damages, which are denied and disputed by it.

Without waiving said objection, Defendant states as follows: this Defendant is in possession of no such documents reasonably calculated to lead to the discovery of admissible evidence related to the Plaintiffs' claims for damages.

[*Id.*] Save the transposition of "#19" in place of "#10," this objection and response combination is identical to LG Korea's objection and response to Plaintiffs' Request No. 10. For the same reasons set forth above in Section II.J., the Court overrules LG Korea's objection, and LG Korea is ordered to make a complete and unequivocal response to Plaintiffs' Request No. 19.

### T. Request No. 20

Plaintiffs' Request for Production Number 20 reads:

A complete copy of any insurance policy under which you have sought or intend to seek, coverage and/or reimbursement, in part or whole, for any costs you incur or judgment against you in relation to the matters set forth in the Complaint.

[Dkt. 206-2 at 8.] Defendant LG Korea responded to this request as follows:

We have requested a certified copy of the insurance policy and will produce a copy of the same to you upon our receipt.

[*Id.*] The Court trusts that this production has taken place by now, but, in abundance of caution, LG Korea is ordered to make a complete and unequivocal response to Plaintiffs' Request No. 20.

### U. Request No. 21

Plaintiffs' Request for Production Number 21 reads:

Documents sufficient to describe the legal relationship between you and LG Electronics USA, Inc., including specifically any documents setting forth whether LG Electronics USA, Inc. is a wholly-owned subsidiary of yours as well as any documents setting

[Dkt. 206-2 at 8.] Defendant LG Korea responded to this request as follows:

Defendant objects to Request #21 as it is not reasonably calculated to lead to the discovery of admissible evidence in light of the fact that LG Electronics, Inc. has admitted the allegations related to liability for the overflow of the purported washer, which is the subject of the Plaintiffs' Complaint, with the intent to proceed in the defense of this case on the issues of the nature, extent, and proximate cause of Plaintiffs' damages, which are denied and disputed by it.

> **Defendant further objects because request #21 is vague due to the fact that it is incomplete.**

[*Id.* (emphasis added).] LG Korea's relevance objection is, again, identical to the one seen in almost every response thus far, and, because a responsive disclosure could lead to the discovery of admissible evidence regarding exemplary damages, as discussed in Section II.I above, the Court overrules Defendants' relevance objection. Furthermore, in previous filings in this Court, LG USA has claimed its relationship with LG Korea to be such that documents in LG Korea's possession are outside of LG USA's possession, custody or control. LG's responses to this request and a number of the requests which follow are relevant to determining the veracity of such representations made by LG USA, and for this reason the requests seek documents that could be relevant and admissible at trial.

Additionally, LG Korea objects to Plaintiffs' Request No. 21 because it is "vague due to the fact that it is incomplete." While the request does appear to be incomplete, it is certainly not vague. The governing clause of the request asks LG Korea to produce "Documents sufficient to describe the legal relationship between you and LG Electronics USA, Inc." This clause is complete and not vague. Request No. 21 does go on to specify that the request includes "specifically any documents setting forth whether LG Electronics USA, Inc. is a wholly-owned subsidiary of yours," which, again, is a perfectly clear and complete clause. The remaining words begin an incomplete phrase, which LG Korea may ignore. Accordingly, the Court clarifies Request No. 21 to read as follows: "Documents sufficient to describe the legal relationship between you and LG Electronics USA, Inc., including specifically any documents setting forth whether LG Electronics USA, Inc. is a wholly-owned subsidiary of yours." LG Korea is ordered to make a complete and unequivocal response to Plaintiffs' Request No. 21, as clarified.

**V.  Request No. 22**

Plaintiffs' Request for Production Number 22 reads:

A copy of your operating agreement and any other document(s) that sets forth the manner by which you operate.

[Dkt. 206-2 at 9.]  Defendant LG Korea responded to this request as follows:

Defendant objects to Request #22 as it is not reasonably calculated to lead to the discovery of admissible evidence in light of the fact that LG Electronics, Inc. has admitted the allegations related to liability for the overflow of the purported washer, which is the subject of the Plaintiffs' Complaint, with the intent to proceed in the defense of this case on the issues of the nature, extent, and proximate cause of Plaintiffs' damages, which are denied and disputed by it.

[*Id*.]  The relevance objection is, once again, the same one that is seen in almost every response thus far, and, because a responsive disclosure could lead to the discovery of admissible evidence regarding exemplary damages, as discussed in Section II.I above, and regarding the parties' ongoing discovery dispute and the veracity of LG USA's prior representations to the Court, as discussed in Section II.U above, the Court overrules Defendants' relevance objection.

Accordingly, LG Korea is ordered to make a complete and unequivocal response to Plaintiffs' Request No. 22.

**W. Request No. 23**

Plaintiffs' Request for Production Number 23 reads:

A copy of LG Electronics USA, Inc.'s operating agreement and any other document(s) that sets for the manner by which it operates.

[Dkt. 206-2 at 9.]  Defendant LG Korea responded to this request as follows:

Defendant objects to Request #23 as it is not reasonably calculated to lead to the discovery of admissible evidence in light of the fact that LG Electronics, Inc. has admitted the allegations related to liability for the overflow of the purported washer, which is the subject of the Plaintiffs' Complaint, with the intent to proceed in the defense of this case on the issues of the nature, extent, and proximate cause of Plaintiffs' damages, which are denied and disputed by it.

[*Id.*]  Save the transposition of "#23" in place of "#22," this objection is identical to LG Korea's

objection to Plaintiffs' Request No. 22.  For the same reasons set forth above in Section II.V., the

Court overrules LG Korea's objection, and LG Korea is ordered to make a complete and

unequivocal response to Plaintiffs' Request No. 23.

### X.  Request No. 24

Plaintiffs' Request for Production Number 24 reads:

> All documents evidencing any officers of yours who were also officer [sic], board
> members, or otherwise affiliated with LG Electronics USA, Inc.

[Dkt. 206-2 at 9.]  Defendant LG Korea responded to this request as follows:

> Defendant objects to Request #24 as it is not reasonably calculated to lead to the
> discovery of admissible evidence in light of the fact that LG Electronics, Inc. has
> admitted the allegations related to liability for the overflow of the purported
> washer, which is the subject of the Plaintiffs' Complaint, with the intent to
> proceed in the defense of this case on the issues of the nature, extent, and
> proximate cause of Plaintiffs' damages, which are denied and disputed by it.

[*Id.*]  Save the transposition of "#24" in place of "#22," this objection is identical to LG Korea's

objection to Plaintiffs' Request No. 22.  For the same reasons set forth above in Section II.V., the

Court overrules LG Korea's objection, and LG Korea is ordered to make a complete and

unequivocal response to Plaintiffs' Request No. 24.

### Y.  Request No. 25

Plaintiffs' Request for Production Number 25 reads:

> All documents evidencing the procedure(s) or policies by which you will share
> documents, information, or other resources with LG Electronics USA, Inc.

[Dkt. 206-2 at 9.]  Defendant LG Korea responded to this request as follows:

> Defendant objects to Request #25 as it is not reasonably calculated to lead to the
> discovery of admissible evidence in light of the fact that LG Electronics, Inc. has
> admitted the allegations related to liability for the overflow of the purported
> washer, which is the subject of the Plaintiffs' Complaint, with the intent to

proceed in the defense of this case on the issues of the nature, extent, and proximate cause of Plaintiffs' damages, which are denied and disputed by it.

[*Id*.] Save the transposition of "#25" in place of "#22," this objection is identical to LG Korea's objection to Plaintiffs' Request No. 22. For the same reasons set forth above in Section II.V., the Court overrules LG Korea's objection, and LG Korea is ordered to make a complete and unequivocal response to Plaintiffs' Request No. 25.

### Z. Request No. 26

Plaintiffs' Request for Production Number 26 reads:

All documents evidencing any agreement to indemnify or share liability for product liability claims that LG Electronics USA, Inc. has made with you.

[Dkt. 206-2 at 9.] Defendant LG Korea responded to this request as follows:

Defendant objects to Request #26 as it is not reasonably calculated to lead to the discovery of admissible evidence in light of the fact that LG Electronics, Inc. has admitted the allegations related to liability for the overflow of the purported washer, which is the subject of the Plaintiffs' Complaint, with the intent to proceed in the defense of this case on the issues of the nature, extent, and proximate cause of Plaintiffs' damages, which are denied and disputed by it.

[*Id*. at 9-10.] Save the transposition of "#26" in place of "#22," this objection is identical to LG Korea's objection to Plaintiffs' Request No. 22. For the same reasons set forth above in Section II.V., the Court overrules LG Korea's objection, and LG Korea is ordered to make a complete and unequivocal response to Plaintiffs' Request No. 26.

### AA. Request No. 27

Plaintiffs' Request for Production Number 27 reads:

A copy of any and all document retention policy or policies that you had in place or otherwise followed from January 1, 2002 to present.

[Dkt. 206-2 at 10.] Defendant LG Korea responded to this request as follows:

Defendant objects to Request #27 as it is not reasonably calculated to lead to the discovery of admissible evidence in light of the fact that LG Electronics, Inc. has

> admitted the allegations related to liability for the overflow of the purported washer, which is the subject of the Plaintiffs' Complaint, with the intent to proceed in the defense of this case on the issues of the nature, extent, and proximate cause of Plaintiffs' damages, which are denied and disputed by it.
>
> Without waiving said objection, Defendant states as follows: this Defendant is in possession of no such documents reasonably calculated to lead to the discovery of admissible evidence related to the Plaintiffs' claims for damages.

[*Id.*] Given LG Korea's extensive use of the statement that it "is in possession of no such documents" responsive to Plaintiffs' requests, the Court finds that LG Korea's document retention policy is squarely relevant and LG Korea's relevance objection is overruled. Once again, LG Korea adds the improper "response" seen in its responses to Requests. No. 3, 4, 6, 10, 11, 12, 14, 17, 18, and 19, which improperly concludes that the request seeks irrelevant information. Having overruled LG Korea's relevance objection, the Court orders LG Korea to make a complete and unequivocal response to Plaintiffs' Request No. 27.

### BB.     Request No. 28

Plaintiffs' Request for Production Number 28 reads:

All exhibits that you intend to offer at the trial of this matter.

[Dkt. 206-2 at 10.] Defendant LG Korea responded to this request as follows:

> Defendant has not yet determined which exhibits it intends to offer at trial. Defendant will respond to request in accordance with the court's scheduling order and the local rules of the court.

[*Id.*] Rule 26 requires that "a party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and **may use** to support its claims or defenses." Fed. R. Civ. P. 26(a)(1) (emphasis added). Thus, the fact that Defendants have not yet determined which exhibits they intend to offer at trial does not excuse Defendants from their failure to comply with

the Rule 26 requirement that they must provide Plaintiffs with a copy or description of the exhibits that they *may* use to support their claims or defenses at trial. Additionally, Rule 26(e)(1) clearly imposes upon a party a duty to "supplement or correct its [Rule 26(a)] disclosure or response in a timely manner," so Defendants are ordered to provide Plaintiffs with seasonably supplemented copies or descriptions of all documents, electronically stored information, or tangible things that Defendants *may use* to support their claims or defenses at trial, pursuant to Rule 26.

**CC.    Request No. 29**

Plaintiffs' Request for Production Number 29 reads:

> All documents identified, reviewed, or relied upon in answering the Complaint or any Interrogatories served on you in this litigation that have not been previously produced in response to these requests.

[Dkt. 206-2 at 10.] Defendant LG Korea responded to this request as follows:

> Defendant objects to Request #29 as it is not reasonably calculated to lead to the discovery of admissible evidence in light of the fact that LG Electronics, Inc. has admitted the allegations related to liability for the overflow of the purported washer, which is the subject of the Plaintiffs' Complaint, with the intent to proceed in the defense of this case on the issues of the nature, extent, and proximate cause of Plaintiffs' damages, which are denied and disputed by it. **Defendant further objects to Request #29 in that it is vague.**

[*Id*. (emphasis added).] LG Korea's relevance objection is identical to the one seen in nearly every response thus far, and, because a responsive disclosure could lead to the discovery of admissible evidence, the Court overrules Defendants' relevance objection. Additionally, LG Korea objects to Plaintiffs' Request No. 29 because it is "vague," but LG Korea presents no

further explanation to substantiate its objection.  Upon review, the Court does not find the

request vague and overrules LG Korea's vagueness objection as well.[2]

**DD.    Request No. 30**

Plaintiffs' Request for Production Number 30 reads:

All documents or physical evidence relating to or supporting any defenses or
factual allegations you have or will make in your responsive pleading, including
any Answer, Counterclaims, Cross Claims, Third Party Claims, or Affirmative
Defenses, to the Complaint that have not been previously produced in response to
these requests.

[Dkt. 206-2 at 10.]  Defendant LG Korea responded to this request as follows:

All such documents are already in possession [sic] of Plaintiffs.  Investigation and
discovery continue.

[*Id.*]  The Court trusts that such productions have taken place by now, but, in abundance of

caution, LG Korea is ordered to make a complete and unequivocal response to Plaintiffs'

Request No. 30.

### III.   Conclusion

For the aforementioned reasons, the Court hereby **GRANTS IN PART and DENIES IN

PART** Plaintiffs' Motion to Compel Discovery Responses.  [Dkt. 205.]  The Court grants

Defendants LG Electronics USA, Inc. and LG Electronics, Inc. twenty-one (21) days from the

date of this Order to supplement their responses to Plaintiffs' requests for production of

documents and produce all documents and information responsive thereto in a manner consistent

---

[2] The Court notes that a request such as Plaintiffs' Request for production Number 29 might typically give rise to a
privilege or work product objection.  However, no such objection has been asserted by Defendants, and any such
objection is therefore waived.  *See, e.g., Buonauro v. City of Berwyn*, 08 C 6687, 2011 WL 116870 (N.D.Ill. Jan.10,
2011) ("[i]t is well-established that the failure to [raise objections to discovery requests] in a timely manner waives a
subsequent assertion of objections in the absence of good cause"); *Peterson v. Farrakhan*, 2:03CV319, 2005 WL
2465254 (N.D. Ind. Oct.5, 2005) ("it is firmly established in [the Seventh] Circuit that a party who fails to timely
respond to discovery requests waives his objections thereto").

with this Order.  Because the Court determined that oral argument was not necessary, Plaintiffs'

Motion for Hearing on this Motion to Compel [Dkt. 229] is **DENIED**.


Date:  01/30/2015

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Anna Muehling Mallon
CANTRELL STRENSKI & MEHRINGER, LLP
amallon@csmlawfirm.com

Dennis F. Cantrell
CANTRELL, STRENSKI & MEHRINGER, LLP
dcantrell@csmlawfirm.com

Jacob R. Cox
COX LAW OFFICE
jcox@coxlaw.org

Edward W. Hearn
JOHNSON & BELL, LTD.
hearne@jbltd.com

Susan Kathleen Swing
JOHNSON & BELL, LTD.
swingS@jbltd.com

Edward W. Hearn
JOHNSON & BELL, LTD.--Crown Point
hearne@jbltd.com

Susan Kathleen Swing
JOHNSON & BELL, LTD.--Crown Point
swingS@jbltd.com

Ricardo Anderson Hall
SPANGLER JENNINGS & DOUGHERTY PC
rhall@sjdlaw.com