UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MATTHEW SLABAUGH, <br> BOBBIE SLABAUGH, <br><br> Plaintiffs, <br><br> vs. <br><br> LG ELECTRONICS USA, INC., <br> LG ELECTRONICS, INC., <br><br> Defendants. | No. 1:12-cv-01020-RLY-MJD |

**ORDER ON MOTION TO COMPEL**

This matter comes before the Court on Matthew Slabaugh and Bobbie Slabaugh's ("Plaintiffs") Motion to Compel and/or for Sanctions for Failure to Appear for Depositions. [Dkt. 217.] For the following reasons, the Court hereby **GRANTS** Plaintiffs' Motion to Compel.

**I. Background**

Plaintiffs' case against LG Electronics USA, Inc. ("LG USA") and LG Electronics, Inc. ("LG Korea") (collectively "Defendants" or "LG") involves claims of negligent infliction of emotional distress, strict products liability, and negligence. [Dkt. 85 at 22-25.] In June of 2011, Plaintiffs' home suffered water damage, allegedly caused by defective components in their LG brand washing machine. [*Id.*] After pursuing out-of-court remedies, Plaintiffs filed suit in state court in June of 2012, and their case was removed to this Court in July of 2012. [Dkt. 67 at 4.]

In August of 2014, to prove that they "admit liability," the LG Defendants moved to amend their Answer in order to clarify that "the LG Defendants are no longer disputing that the

1

washer at issue in this case was defective, and malfunctioned and caused a discharge of water into the Plaintiffs' home," which motion was granted by the Court on January 14, 2015. [Dkts. 196, 263.] In pertinent part, Defendants' Amended Answers each admit that (1) Plaintiffs' washer malfunctioned by turning itself on and discharging a flow of laundry water into Plaintiffs' home, (2) Defendants are at fault for any damages proximately caused by the discharge of water, (3) Plaintiffs' washer was defective, (4) Plaintiffs' washer malfunctioned, and (5) Defendants are strictly liable for all damages to Plaintiffs and their property that resulted from the defective condition of their washer. [Dkts. 254, 265 at ¶¶ 8, 9, 12, and 128.]

Significantly, Defendants' amended answers do not admit to Plaintiffs' claims that (1) Defendants owed a duty to Plaintiffs to promptly and reasonably resolve Plaintiffs' Washer claim with regard to Plaintiffs' negligent infliction of emotional distress claim, (2) Defendants' breach proximately caused harm to Plaintiffs, including mental, emotional, and physical harm with regard to Plaintiffs' negligent infliction of emotional distress claim, (3) damages exist above the amount reimbursed by State Farm for which Defendants are liable with regard to Plaintiffs' strict products liability claim, and (4) Defendants undertook and had a duty to resolve Plaintiffs' Washer claim in a timely manner with regard to Plaintiffs negligence claim. [Dkts. 264, 265 at ¶¶ 116, 118, 129, and 131.] While the Court acknowledges that cross motions for summary judgment are pending [Dkts. 209, 221], the District Judge has not yet ruled on such motions. Therefore, all of Plaintiffs' claims and Defendants' defenses remain pending before the Court as plead.

Since the arrival of this matter in federal court, Plaintiffs have had a difficult time obtaining information from LG during the discovery process, to put it lightly. [*See, e.g.*, Dkts. 94, 130, 175, 191, 193, 266.] After waiting over a year for more complete discovery responses

from LG but unable to wait any longer, Plaintiffs contacted defense counsel on August 22, 2014 to try and schedule the LG Defendants' depositions pursuant to Rule 30(b)(6) before the close of discovery on September 19, 2014. [Dkt. 218.] In response, on August 26, 2014, defense counsel asserted that "any such deposition is not calculated to lead to the discovery of admissible evidence in light of the LG defendants' admission of liability." [*Id.* at 3.] Plaintiffs then raised the issue during a discovery call with the Court, which was held on August 29, 2014, and the undersigned indicated that Plaintiffs could serve LG with notices of the depositions pursuant to Rule 30.[1] [*Id.* at 4.]

Plaintiffs did just that on September 3, 2014, serving defense counsel, both by email and U.S. Mail, with the Notice of 30(b)(6) Deposition of LG Electronics USA, Inc. and the Notice of 30(b)(6) Deposition of LG Electronics, Inc., each to be held on September 17, 2014, at 8:30 a.m. and 2:30 p.m., respectively. [Dkts. 218-2, 218-3.] Thereafter, in the subsequent days leading up to the deposition date, defense counsel indicated that September 17th was not a good date for Defendants and advised Plaintiffs' counsel that they would take the matter up with the Court through a motion to quash, but no such motion was ever filed. [Dkt. 218 at 5.] Instead, at 6:30 p.m. on September 16, 2014, the evening before the noticed depositions were to take place, defense counsel emailed plaintiffs' counsel with objections to each of the seventeen topics noticed by Plaintiffs to be covered by LG's 30(b)(6) deponents. [Dkt. 218-5.] The next day, Defendants failed to appear for their noticed depositions, so Plaintiffs' counsel requested a discovery call with the Court, during which call the undersigned granted Plaintiffs leave to file a motion to compel. Such motion to compel is now before the Court.

---

[1] Defendants purport to recall this interaction differently. [Dkt. 218-1 at 4 ("the magistrate directed you to send me the proposed areas of inquiry").] However, being that the undersigned distinctly recalls instructing Plaintiffs to serve notices pursuant to Rule 30, in light of defense counsel's abject refusal to discuss proposed dates for the depositions, the facts as alleged by Plaintiffs stand.

## II. Discussion

Rule 37 of the Federal Rules of Civil Procedure permits a party to file a motion to compel upon the failure of a corporation or other entity to make a designation pursuant to Rule 30(b)(6). Fed. R. Civ. P. 37(a)(3)(B)(ii). When a party's officer fails to appear for a properly-noticed deposition, the court may order sanctions and must grant reasonable expenses, including attorney fees, caused by the failure to appear, to be paid by such party and/or its counsel. Fed. R. Civ. P. 37(d)(1). Ultimately, this Court has "broad discretion in discovery matters, [including with regard to a] motion to compel." *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 646 (7th Cir. 2001).

Defendants assert that the deposition notices were not properly served, thus excusing their failure to appear, for the following three reasons: (1) the notices violated Local Rule 30-1(d) because Plaintiffs' counsel failed to confer with defense counsel in scheduling the depositions, (2) the notices did not meet Local Rule 30-1(d)'s fourteen day requirement, and (3) the topics noticed were all irrelevant to the remaining issues in the case given LG's admission of liability. [Dkt. 232 at 3-8.] Local Rule 30-1(d) provides as follows:

> Under the Standards for Professional Conduct within the Seventh Federal Judicial Circuit, Lawyers Duty to Other Counsel, paragraph 14, attorneys will make a **good faith effort to schedule depositions in a manner that avoids scheduling conflicts**. Unless agreed by counsel or otherwise ordered by the court, **no deposition will be scheduled on less than 14 days [sic] notice**.

S. D. Ind. L.R. 30-1 (emphasis added).

With regard to Defendants' allegation that Plaintiffs did not make a good faith effort to schedule depositions in a manner that avoids scheduling conflicts, the Court makes the following factual observations: (1) Plaintiffs telephoned and then emailed defense counsel on August 22, 2014 requesting that defense counsel "Please call [Plaintiffs' counsel] back to discuss . . . the

4

scheduling of a 30(b)(6) deposition of your client(s) including logistical issues such as whether the witness(es) will be here in the USA or, if not, whether it makes sense to take the deposition telephonically" [Dkt. 218-1 at 7]; (2) In response to a second call and e-mail from Plaintiffs on August 25, 2014, the next day defense counsel *emailed* Plaintiffs' counsel, stating "our position is that any such deposition is not calculated to lead to the discovery of admissible evidence in light of the LG defendants' admission of liability. Nevertheless, please send me your proposed notice of deposition which outlines the areas of inquiry and I will review the same" [*id.* at 6]; (3) At the next conference held with the Court three days later, on August 29, 2014, Plaintiffs' counsel raised the issue of scheduling Defendants' deposition(s) by the September 19 discovery deadline; a discussion was held, and, in light of defense counsel's refusal to provide proposed dates for the depositions, the undersigned indicated that "Plaintiffs should simply serve the notices of depositions" [Dkt. 218 at 4]; (4) In his September 3, 2014 e-mail to defense counsel with such notices attached, Plaintiffs' counsel concludes "[i]f you would like to discuss alternative locations, dates, times, or means of taking the deposition, please let me know and I am sure we can work something out" [Dkt. 218-1 at 6]; (5) In response, defense counsel writes "In never refused to give dates and times. We are not available those dates. Please withdraw the notices by the close of business tomorrow or we will file a motion to quash them" [*id.* at 5]; (6) In reply, Plaintiffs' counsel reminds defense counsel that he left "a lengthy voicemail and also sent an e-mail" on August 22nd that he followed up with "a phone call and voicemail" on August 25th, which spurred defense counsel's response the next day, but acknowledged that filing a motion to quash is defense counsel's prerogative [*id.* at 4-5]; (7) In surreply, defense counsel insists that "the magistrate directed you to send me the proposed areas of inquiry," not the final notices, concluding that if Plaintiffs' counsel did not withdraw the notices defense

counsel would be "forced to take the matter up with the court" [*id.* at 4]; (8) The next communication from defense counsel is dated September 11th and merely states that the "deps of LG will not be going [on] the 17th. I'll send you a more formal explanation as to our position ASAP," which explanation was not communicated until September 16, 2014, the evening before the noticed depositions were to take place [Dkt. 218-1 at 2].

In order to discuss what constitutes a "good faith effort" under Local Rule 30-1, the Court looks to Local Rule 37-1, which also addresses the measure of good faith necessary to resolve deposition disputes. Specifically, Local Rule 37-1 requires that "[p]rior to involving the court in any discovery dispute, **including disputes involving depositions, counsel must <u>confer in a good faith attempt</u>** to resolve the dispute." S.D. Ind. L.R. 37-1(a). This language should be quite familiar to Defendants and defense counsel, as the Court issued an order on August 5, 2014 denying LG USA's motion to compel using the following reasoning:

> As Plaintiffs indicate, Local Rule 37-1 dictates that the parties must "confer in a good faith attempt" to resolve a discovery dispute before involving the Court in such a dispute. **As the Court has already informed the parties in its Order dated May 1, 2014**, the meet and confer requirement of Local Rule 37-1 requires more than a mere exchange of letters or e-mails: "the local rule contemplates an actual meeting with a date, time, and place—whether by telephone, videoconference, or (if counsel's location permits) preferably face-to-face." [Dkt. 175 at 8 (quoting *Loparex, LLC v. MPI Release Technologies*, 1:09-CV-1411-JMS-TAB, 2011 WL 1871167, at *2 (S.D. Ind. May 16, 2011)).] Further, the CMP clearly instructs that "[i]f the required conference under Local Rule 37-1 does not resolve discovery issues that may arise, the parties **will request** a telephonic status conference prior to filing any disputed motion to compel." [Dkt. 21 at 2.] Not only was there **a failure to converse in a real-time, interactive format to work through this discovery dispute**, but LG USA additionally failed to request such a status conference with the Court before filing its motion to compel, even after Plaintiffs reminded LG USA of this requirement. [*See* Dkt. 158-10 at 3; *see also* Dkts. 157, 158 (failing to certify compliance with Local Rule 37-1's conference requirement).] On these failures alone, the Court **DENIES** LG USA's motion to compel.

[Dkt. 191 (some emphasis added).] Given the date of this order, the undersigned is highly under-impressed by defense counsel's failure to pick up the telephone and "*confer* in a good faith attempt" in response to Plaintiffs' counsel's August 22, 2014 telephone call and e-mail, which requested that defense counsel "call" him back. Given defense counsel's failure to so confer, as defined and discussed in an order issued by this Court against Defendants only seventeen days prior to such failure, it is even more disquieting that it is defense counsel who has brazenly made the argument that *Plaintiffs* failed to make a "good faith effort" in scheduling LG's depositions pursuant to Local Rule 30-1.

In making this argument, Defendants misinterpret the requirements of Local Rule 30-1. While the rule does state that the "attorneys will make a good faith effort to schedule depositions in a manner that avoids scheduling conflicts" and the rule also states that "no deposition will be scheduled on less than 14 days [sic] notice," the rule does *not* state that the good faith effort must take place *before* the notice is given. Although it is a common courtesy to work with opposing counsel to schedule depositions at times amenable to both parties before notice is served, defense counsel abdicated his right to such courtesy when he failed to confer with Plaintiffs' counsel to discuss such scheduling less than one month before the close of discovery. Additionally, Plaintiffs' counsel, upon serving Defendants with proper notice of the scheduled depositions, instructed defense counsel to "please let me know" if defense counsel "would like to discuss alternative locations, date, times, or means of taking the depositions." [Dkt. 218-1 at 6.] This instruction alone, given the fact that the close of discovery was just over two weeks away at the time that notice was served, fully complies with the Rule 30-1 requirement that attorneys make a good faith effort to avoid scheduling conflicts when scheduling depositions. In response to Plaintiffs' offer to so work with defense counsel after noticed was served, however, defense

7

counsel remained obstinate and only demanded that the noticed be withdrawn, threatening to file a motion to quash if they were not withdrawn, instead of making any attempt to find an amenable time, date, and manner for the depositions. Accordingly, the Court finds that Plaintiffs did not fail to make a good faith effort in scheduling Defendants' 30(b)(6) depositions.

The Court now addresses Defendants' allegation that Plaintiffs did not meet Local Rule 30-1's fourteen day requirement. Specifically, Defendants insist that, because the depositions were noticed at 11:42 a.m. on September 3rd and the first deposition was to take place at 8:30 a.m. on September 17th, the notices fall "several hours short of providing 14 days [sic] notice to LG." [Dkt. 232 at 6.] The applicable rule here is Federal Rule of Civil Procedure 6, which governs how to "comput[e] any time period specified in these rules [and] **any local rule**." Fed. R. Civ. P. 6(a) (emphasis added). Only when the period of time is "stated in hours" should the party or its attorney "count every hour." Fed. R. Civ. P. 6(a)(2). When the period of time is stated in days or a longer unit, the counter should exclude the day of the event that triggers the period and count every day thereafter, including intermediate Saturdays, Sundays, and legal holidays. Fed. R. Civ. P. 6(a)(1).

Here, because Local Rule 30-1 measures the allotted time in days, Rule 6(a)(1) applies. Accordingly, defense counsel should first exclude the day that triggers the period, which in this instance was September 3, 2014. Next, the counter begins counting each day, which in this case started on September 4th as day one. This means that September 5th is day two, September 6th is day three, etcetera, until we arrive at September 17th, which is day fourteen. As September 17, 2014 was not a Saturday, Sunday, or legal holiday, this is where we stop. Looking to the particular language of Local Rule 30-1, "no deposition will be scheduled on **less than** 14 days [sic] notice." S.D. Ind. L.R. 30-1(d) (emphasis added). The plain language of the rule therefore

allows for such depositions to be noticed to take place on the fourteenth day, here September 17, 2014. Accordingly, Plaintiffs' September 17, 2014 Rule 30(b)(6) depositions were timely and properly noticed pursuant to Local Rule 30-1 as well as the Federal Rules of Civil Procedure.

Finally, the Court addresses Defendants' assertion that its failure to appear was proper due to its repeated notice to Plaintiffs' counsel that the topics noticed were irrelevant given LG's admission of liability. To appropriately discuss this argument, the Court first recites the relevant portion of Rule 37:

> A failure described in Rule 37(d)(1)(A) [including a party's failure to appear for its deposition after being served with proper notice] is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).

Fed. R. Civ. P. 37(d)(2). Again, the language of the applicable rule here is abundantly clear that "unless the party failing to act **has a pending motion for protective order**," the party's failure to appear at a properly noticed deposition "**is not excused**." *Id.* (emphasis added). Since the Court has already found that Plaintiffs' notice was proper, meeting the good faith and fourteen day requirements of Local Rule 30-1, Defendants' failure to appear due to their objections to the topics noticed would only be excused if a "motion for protective order" had been pending. In spite of defense counsel's repeated threats to "take the matter up with the court" and file a motion, no such contact was ever made, and no such motion was ever filed, even in response to Plaintiffs' motion to compel.[2] Thus, pursuant to the clear language of Rule 37, Defendants' failure to appear for their properly noticed depositions, to quote Rule 37, "is not excused."

---

[2] The only specific objections raised by Defendants in response to Plaintiffs' motion to compel relate to the relevance of the information sought by the Rule 30(b)(6) depositions because (1) Defendants have "admitted" liability in this matter and (2) Plaintiffs failed to assert a claim for punitive damages against Defendants in this case. [Dkt. 232 at 6-11.] Both of these arguments were addressed in detail in the Court's Order dated January 20, 2015 [*see* Dkt. 266 at 4, 12-13, 20], which reasoning is incorporated by reference as though fully set forth herein. For the

### III. Conclusion

For the aforementioned reasons, the Court hereby **GRANTS** Plaintiffs' Motion to Compel [Dkt. 217], and the depositions of Defendants LG Electronics USA, Inc. and LG Electronics, Inc., as noticed on September 3, 2014 [Dkt. 218-2, 218-3], are **ORDERED** to proceed forthwith. Defense counsel **shall confer** with Plaintiffs' counsel, either by telephone or in person, on or before February 13, 2015 in order to determine deposition dates amenable to both parties, which depositions **shall occur** on or before March 13, 2015.

Pursuant to Rule 37, Defendants are additionally **ORDERED** to pay all reasonable expenses, including attorney's fees, caused by Defendants' failure to appear for their depositions. Fed. R. Civ. P. 37(b)(2)(C). Plaintiffs shall file an itemized request for such fees and expenses within twenty-one (21) days of the date of this Order. Defendants LG Electronics USA, Inc. and LG Electronics, Inc. may respond within fourteen (14) days thereafter, and Plaintiffs may file a reply within seven (7) days of any response. Additionally, because the Court determined that oral argument was not necessary, Plaintiffs' Request for Oral Argument on Motion to Compel [Dkt. 234] is **DENIED**.

Date: 02/03/2015

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

---

reasons articulated in that order, Defendants' objections to the categories set forth in Plaintiffs' Rule 30(b)(6) deposition notices of LG Electronics USA, Inc. and LG Electronics, Inc. are hereby **OVERRULED**. No other objections to Plaintiffs' Rule 30(b)(6) deposition notices were raised by Defendants in their response to Plaintiffs' motion to compel; accordingly, any other objections Defendants may have to Plaintiffs' Rule 30(b)(6) deposition notices are deemed **WAIVED**. *See Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 627 (7th Cir. 2014) (underdeveloped, conclusory, and skeletal "arguments" are deemed waived). Therefore, without further objection, and pursuant to Rule 30(b)(6), each Defendant is hereby **ORDERED** to produce for deposition "one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf" with regard to all seventeen topics as set forth in Plaintiffs' September 3, 2014 deposition notices [Dkts. 218-2, 218-3], which designated individuals must be fully prepared to "testify about information known or reasonably available to the organization."

Distribution:

Anna Muehling Mallon
CANTRELL STRENSKI & MEHRINGER, LLP
amallon@csmlawfirm.com

Dennis F. Cantrell
CANTRELL, STRENSKI & MEHRINGER, LLP
dcantrell@csmlawfirm.com

Jacob R. Cox
COX LAW OFFICE
jcox@coxlaw.org

Edward W. Hearn
JOHNSON & BELL, LTD.
hearne@jbltd.com

Susan Kathleen Swing
JOHNSON & BELL, LTD.
swingS@jbltd.com

Edward W. Hearn
JOHNSON & BELL, LTD.--Crown Point
hearne@jbltd.com

Susan Kathleen Swing
JOHNSON & BELL, LTD.--Crown Point
swingS@jbltd.com

Ricardo Anderson Hall
SPANGLER JENNINGS & DOUGHERTY PC
rhall@sjdlaw.com