UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MATTHEW SLABAUGH, | ) | |
| BOBBIE SLABAUGH, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | 1:12-cv-01020-RLY-MJD |
| vs. | ) | |
| | ) | |
| LG ELECTRONICS USA, INC., | ) | |
| LG ELECTRONICS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ON MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

In June of 2011, Plaintiffs', Matthew Slabaugh's and Bobbie Slabaugh's, home suffered water damage allegedly caused by defective components in their LG brand washing machine. Plaintiffs brought suit against Defendants, LG Electronics USA, Inc. and LG Electronics, Inc. (collectively "Defendants" or "LG") to recover for the damages to themselves and their home. On November 26, 2013, and September 5, 2013, LG was ordered to respond to Plaintiffs' written discovery requests. LG now asks the court to reconsider these rulings. The court referred the motion to reconsider to the Magistrate Judge (Filing No. 151), who recommended that the court deny LG's motion to reconsider. LG objects to the Magistrate Judge's report and recommendation. For the reasons set forth below, the court **ADOPTS** the Magistrate Judge's report and recommendation.

1

## I. Standard of Review of a Magistrate Judge's Report and Recommendation

When a party raises specific objections to elements of a magistrate judge's report and recommendation, the district court reviews those elements *de novo*, determining for itself whether the magistrate judge's decision as to those issues is supported by substantial evidence or was the result of an error of law. FED. R. CIV. PRO. 72(b). The district court "'makes the ultimate decision to adopt, reject, or modify' the report and recommendation, and it need not accept any portion as binding;" the court may, however, defer to and adopt those conclusions where a party did not timely object. *Sweet v. Colvin*, No. 1:12-cv-00439-SEB-TAB, 2013 WL 5487358, * 1 (S.D. Ind. Sept. 30, 2013) (quoting *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759–761 (7th Cir. 2009)).

## II. Discussion

According to LG, "there has been a controlling or significant change in the facts since the submission of the issue to the court," specifically that LG USA no longer disputes liability. The Magistrate Judge concluded that this was more akin to a change of circumstances than a change in the facts. Thus, the Magistrate Judge recommended denying the motion to reconsider. LG objects arguing that the Magistrate Judge misunderstood its prior answer and that it has now filed an amended answer clarifying that it no longer disputes liability. Additionally, LG argues that the requests addressed by the prior discovery order are not relevant or calculated to lead to the discovery of

admissible evidence at the trial.[1]  Plaintiffs urge the court to adopt the Magistrate Judge's report and recommendation.

"It is well established that a motion to reconsider is only appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011).  This court has previously held that a "change in circumstances following the Court's decision" does not merit reconsideration.  *See Collins v. Bowman, Heintz, Boscia & Vician, P.C.*, 1:10-cv-1629-JMS-TAB, 2012 WL 3756865 (S.D. Ind. Aug. 9, 2012).

The Magistrate Judge relied in part on the case of *Cincinnati Insurance Company v. Greene*, 1:10-cv-0370-JMS-DML, 2012 WL 1802325, * 2 n. 2 (S.D. Ind. May 17, 2012) to reach his conclusion.  In that case, the plaintiff asked the court to reconsider its prior ruling dismissing claims against former employees.  *See id.* at * 1.  In support, the plaintiff argued that the case had materially changed due to a subsequent settlement.  *See id.* at * 2 n. 2.  The court found that reconsideration was not warranted in light of the settlement because the settlement did not meet any of the four well-established scenarios

---

[1] LG asserts that Plaintiffs did not bring a claim for punitive damages against it in the complaint, and accuses Plaintiffs of misrepresenting such a claim to the court and seeking to drive up the costs of defense.  Contrary to LG's assertions, Plaintiffs did bring a claim for punitive damages against LG.  LG's assertion had no merit and the court reminds LG of its duty of candor toward the tribunal.

3

for reconsideration. *See id.* The Magistrate Judge, by analogy, extended this theory to an admission of liability. LG does not provide the court with any case law showing that the Magistrate Judge's reasoning is flawed or that an admission of liability constitutes the discovery of a significant new fact.

The court agrees with the Magistrate Judge. An admission of liability is not a newly discovered significant fact that could not have been discovered prior to the court's prior rulings. Indeed, an admission of liability could be made at any point in time. Therefore, the court finds that LG fails to show that a motion for reconsideration is appropriate.

### III. Conclusion

Finding that LG has not met its burden to have the court reconsider its prior rulings, the court finds that such motion should be denied. Therefore, the court **ADOPTS** the Magistrate Judge's report and recommendation (Filing No. 193). The court **ORDERS** LG to produce the documents within 14 days of this order.

**SO ORDERED** this 13th day of March 2015.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.