UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MATTHEW SLABAUGH and )
BOBBIE SLABAUGH, )
 )
                Plaintiffs, )
 )   1:12-cv-01020-RLY-MJD
          vs. )
 )
LG ELECTRONICS USA, INC., and )
LG ELECTRONICS, INC., )
 )
                Defendants. )

**ENTRY ON DEFENDANTS' MOTION TO BAR PLAINTIFFS' EXPERT WITNESSES**

Plaintiffs, Matthew and Bobbie Slabaugh, brought a products liability and negligence action against Defendants, LG Electronics USA, Inc. and LG Electronics, Inc. (collectively "LG"), for damages resulting from a defective washing machine. LG now moves to bar several of Plaintiffs' expert witnesses from testifying in this matter on grounds that Plaintiffs failed to comply with the expert disclosure requirements set forth in Federal Rule of Civil Procedure 26(a)(2). For the reasons set forth below, LG's Motion to Bar Plaintiffs' Expert Witnesses (Filing No. 185) is **DENIED**.

**I.**     **Background**

In 2011, defective components in Plaintiffs' LG brand washing machine caused it to turn itself on and flood the first floor of Plaintiffs' home. In addition to damage to the home, Plaintiffs allege that the resulting mold damage has harmed their health. (Filing

1

No. 85 at 22–25). Plaintiffs filed suit in state court in June 2012, and the case was removed to this court in July 2012. Plaintiffs served their Second Expert Disclosure list (Filing No. 185-1) on June 2, 2014, the deadline for disclosing any expert witness relating to damages issues. (*See* Filing No. 154 at 1). Plaintiffs identify four treating physicians, Dr. Eric Knoll, Dr. Tolly Epstein, Dr. Jeffrey Whitaker, and Dr. Larry Buckel, as non-retained expert witnesses who may testify to the environmental effects of the mold on Plaintiffs' health. (*See* Filing No. 185-1 at 3–4). The disclosures include summary reports for each physician, containing the subject matter and brief statements of the general facts to which each witness will testify. (*See id.*). Plaintiffs also disclosed Kevin Potter, a professional engineer, to testify to the water-related damage caused to Plaintiffs' home, and Steve Huston, Plaintiffs' contractor, to testify to the cost of water and mold remediation. (*Id.* at 2–3). On July 14, 2014, approximately two months prior to the deadline for moving to exclude expert witnesses and just one day before a scheduled settlement conference, LG moved to bar the experts from testifying.

## II. Discussion

LG argues that Plaintiffs failed to comply with the disclosure requirements set forth in Rule 26(a)(2) and thus the court should bar the witnesses from testifying pursuant to Rule 37(c). (Filing No. 185 at 1). Plaintiffs deny any noncompliance with Rule 26. They further argue that, in violation of Local Rule 37–1, LG's counsel failed to confer in good faith with Plaintiffs' counsel to resolve any dispute concerning expert disclosures. Accordingly, Plaintiffs argue, even if their disclosures were deficient, LG's

noncompliance with Local Rule 37–1 renders sanctions against Plaintiffs inappropriate. (Filing No. 192 at 7–8).

### A. Rule 26(a)(2) Disclosures of Treating Physicians

LG first argues that to the extent the treating physicians intend to provide expert opinion testimony, such as opinions on causation, the court should prohibit such testimony because Plaintiffs failed to provide written reports as required under Rule 26(a)(2)(B). In the alternative, they argue that even if a written report is not required, Plaintiffs' disclosures fail to comply with the written summary requirement under Rule 26(a)(2)(C).

A party must disclose the identity of any expert witness it intends to use at trial. Fed. R. Civ. P. 26(a)(2)(A). That disclosure must include a full written report "if the witness is one retained or specially employed to provide expert testimony in the case . . . ." Fed. R. Civ. P. 26(a)(2)(B). The 2010 Amendment to Rule 26 added 26(a)(2)(C), instructing that non-retained witnesses who happen to be experts must provide summary disclosures. A summary disclosure must state the subject matter of the expected evidence and a summary of the facts and opinions to which the witness will testify. Fed. R. Civ. P. 26(a)(2)(C). Whether an expert must provide a complete report under 26(a)(2)(B) or a less extensive summary under 26(a)(2)(C) depends on the expert's relationship to the issues involved in the litigation. *See Malibu Media, LLC v. Harrison*, No. 1:12-cv-01117, 2014 WL 6474065, at *2 (S.D. Ind. Nov. 19, 2014) (citing *Downey v. Bob's Disc. Furniture Holdings, Inc.*, 633 F.3d 1, 6 (1st Cir. 2011)). Treating physicians, for example, often have firsthand knowledge of the events giving rise to the litigation and

3

typically are not "retained or specially employed to provide testimony." *Id.* In such cases, the treating physician need only provide a 26(a)(2)(C) summary disclosure so long as the testimony does not exceed the scope of observations made during treatment. *Id.*; *see also Brunswick v. Menard, Inc.*, No. 2:11 CV 247, 2013 WL 5291965, at *3–4 (N.D. Ind. Sept. 19, 2013) (explaining that under the amended Rule 26, any physician who intends to testify must submit, at the very least, a summary report; and whether such testimony calls for a full expert report depends on the breadth of the testimony); *accord Crabbs v. Wal-Mart Stores, Inc.*, No. 4:09-cv-00519-RAW, 2011 WL 499141, at *3 (S.D. Iowa Feb. 4, 2011) (recognizing that amendments to Rule 26 supersede prior cases requiring full expert reports from non-retained experts who intend to present opinion testimony).

Likewise, a treating physician disclosed under 26(a)(2)(C) may provide causation testimony if he or she formed such opinions during the course of treatment. *See EEOC v. AutoZone, Inc.*, 707 F.3d 824, 833 (7th Cir. 2013) (citing the holding in *Meyers v. Nat'l R.R. Passenger Corp.*, 619 F.3d 729, 734–35 (7th Cir. 2010)); *see also Brunswick v. Menard, Inc.*, No. 2:11 CV 247, 2013 WL 5291965, at *3–4 (N.D. Ind. Sept. 19, 2013). In *Meyers*, the Court of Appeals for the Seventh Circuit held:

> [A] treating physician who is offered to provide expert testimony as to the cause of the plaintiff's injury, *but who did not make that determination in the course of providing treatment*, should be deemed to be one "retained or specially employed to provide expert testimony in the case," and thus is required to submit an expert report in accordance with Rule 26(a)(2).

619 F.3d at 734–35 (emphasis added). Although *Meyers* preceded the 2010 Amendment, the summary disclosure mandate of 26(a)(2)(C) creates a minimum requirement for non-

4

retained experts and thus does not disturb the holding in *Meyers*. *See Brunswick*, 2013 WL 5291965, at *4 (explaining the purpose of the amendment). Therefore, the scope of treatment provided by Plaintiffs' treating physicians governs the extent to which they may testify on issues of causation, not whether they intend to provide opinion testimony. Because the court has no information on the nature of treatment the treating physicians provided vis-à-vis their expected testimony, it cannot determine whether any opinions concerning causation were formed during the course of treatment. Incidentally, LG does not argue that the treating physicians propose to testify outside their respective scopes of treatment provided to Plaintiffs.[1]

The court now turns to the adequacy of Plaintiffs' disclosures under 26(a)(2)(C). As noted above, a summary disclosure must state:

> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2)(C). This is a considerably less extensive report than the full expert report required under 26(a)(2)(B). Thus, "[c]ourts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have." Fed. R. Civ. P. 26(a) advisory committee's note (2010). On the other hand, to guard against the prejudice of unfair surprise on opposing parties, and for 26(a)(2)(C) to have any meaning, summary

---

[1] As discussed below, the absence of such a challenge is most likely a result of Plaintiffs' deficient disclosures and LG's failure to obtain medical records.

5

disclosures must contain more than mere passing reference to the care a treating physician provided. *Hayes v. Am. Credit Acceptance, LLC*, No. 13-2413-RDR, 2014 WL 3927277, at *3 (D. Kan. Aug. 12, 2014). They must clearly identify the witness, state the subject matter of the expected testimony, and summarize actual opinions. *Id.*; *see Anderson v. Bristol, Inc.*, 936 F. Supp. 2d 1039, 1060 (S.D. Iowa 2013) (concluding that reference to medical records or merely stating a witness' connection to the case, without providing a summary of the expected testimony, does not comply with 26(a)(2)(C)).

Plaintiffs' 26(a)(2)(C) disclosures for the four treating physicians are as follows:

Dr. Eric Knoll – Environmental effect of house on Bobbie Slabaugh and Kirsten Slabaugh

ENT for Bobbie Slabaugh and Kirsten Slabaugh who will testify as to the various physical issues that both have suffered in the years after the water discharge from the LG Washer including chronic rhinitis, draining and sinus pain for Mrs. Slabaugh as well as allergy issues for Kirsten Slabaugh (including removal of tonsils).

Dr. Tolly Epstein – Environmental effect of house on Bobbie Slabaugh

Allergist who has treated Bobbie Slabaugh and can testify that she is allergic to molds (including multiple types that have been found in Slabaughs' home) as well as chemicals used to treat mold (iodopropynyl butylcarbamate).

Dr. Jeffrey Whitaker – Environmental effect of house on Matthew Slabaugh

Water damage/mold environment has injured Matthew Slabaugh by slowing his body's ability to heal from shoulder surgery. Based on four total surgeries performed on Matthew Slabaugh, including the most recent shoulder surgery to Matthew Slabaugh.

Dr. Larry Buckel – Health issues for Bobbie Slabaugh

6

> Dermatologist who recently treated Mrs. Slabaugh for skin rash/irritation using thirty day [*sic*] treatment of Dyfluccan (anti-fungal) and cortisone shot.

(Filing No. 185-1 at 3–4). LG argues that these summaries fail to give adequate notice of the witnesses' proposed testimony. The court agrees. To the extent Plaintiffs expect the witnesses to testify to causation, only the disclosure of Dr. Whitaker even approaches a "summary of facts and opinions" to which he will testify. As explained above, a treating physician may testify to issues of causation if such opinions were formed during the course of treatment and not for the purpose of litigation. *See Meyers*, 619 F.3d at 734–35. But Plaintiffs must comply with 26(a)(2)(C) if they expect the treating physicians to testify as experts, as opposed to fact witnesses. Although the disclosures for Dr. Knoll, Dr. Epstein, and Dr. Whitaker each state subject matters strongly suggesting that they will testify to causation, the summaries do not disclose such opinions. For instance, the subject matter of Dr. Knoll's testimony is the "[e]nvironmental effect of [the] house on Bobbie Slabaugh and Kirsten Slabaugh." Yet the summary consists of a single sentence listing the maladies Bobbie and Kristen have suffered since the water discharge. (*See* Filing No. 185-1 at 3). Plaintiffs need not outline each opinion in detail, but they must *summarize* them. *See Lopez v. Keeshan*, No. 4:11CV3013, 2012 WL 2343415, at *1, 4 (D. Neb. June 20, 2012) (finding barebones summaries that merely connect the witness to the litigation do not comply with 26(a)(2)(C)); *Hayes*, 2014 WL 3927277, at *3 (explaining that a summary must "provide 'a brief account that states the main points' of the entirety of the anticipated testimony") (citation omitted); *McArthur v. Giller*, No. 13-CV-734-FHM, 2014 WL 4390000, at *2 (N.D. Okla. Sept. 5, 2014) (concluding that

single-sentence disclosures connecting the witness to the case do not constitute "summaries" as the rule contemplates). The court finds that Plaintiffs' disclosures of Dr. Knoll, Dr. Epstein, Dr. Whitaker, and Dr. Buckel do not sufficiently summarize the facts and opinions to which each will testify and thus fail to comply with Rule 26(a)(2)(C).

Failure to comply with the disclosure requirements set forth in Rule 26(a) results in the exclusion of improperly disclosed witnesses unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c). The court has broad discretion in determining whether an error is harmless or justified, but it should consider "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Banister v. Burton*, 636 F.3d 828, 833 (7th Cir. 2011) (quoting *Westefer v. Snyder*, 422 F.3d 570, 585 n.21 (7th Cir. 2005)).

The court finds that the deficiencies in Plaintiffs' disclosures are harmless and do not warrant the sanction of exclusion. Having reviewed the parties' briefs, the court finds no indication that Plaintiffs disclosed the treating physicians in bad faith. Nor does the court find merit in LG's argument that Plaintiffs' 26(a)(2)(C) disclosures risk prejudicing LG with unfair surprise. First, LG laments Plaintiffs' failure to provide medical records from Dr. Epstein, Dr. Whitaker, or Dr. Buckel, despite LG having requested such production initially and again in a subsequent email. LG argues that such failure to produce, combined with barebones expert disclosures, renders it incapable of adequately preparing for trial. Plaintiffs, however, point to the email exchange between the parties'

8

counsel regarding medical records. In response to LG's inquiry, Plaintiffs' counsel explained that because Plaintiffs do not have custody of their medical records, Plaintiffs would execute valid HIPAA authorizations permitting LG to obtain them directly from the providers. (Filing No. 185-6 at 1; Filing No. 192 at 4). Notably, the parties have used this procedure previously in the course of this litigation. (Filing No. 192 at 4). LG did not respond to Plaintiffs' counsel's email; nor has it bothered to file a reply to Plaintiffs' positions on the present motion. Even more illuminating is LG's failure to meet and confer with Plaintiffs regarding any deficiencies in Plaintiffs' expert disclosures. Local Rule 37–1 mandates that parties confer in a good faith attempt to resolve any discovery dispute. This requirement applies to "*any motion* raising a discovery dispute . . . ." L.R. 37–1(b) (emphasis added). LG's Motion seeks to bar Plaintiffs' experts from testifying at trial because of deficiencies in the disclosures. Thus, Local Rule 37–1 directly applies to the Motion. *See Remy Inc. v. Tecnomatic, S.P.A.*, No. 1:11-cv-00991-SEB-MJD, 2013 WL 1311095, at *2–3 (S.D. Ind. Mar. 26, 2013) (finding that Local Rule 37–1 applies to a motion seeking dismissal of claims as a sanction for the other party's conduct during discovery).

Moreover, in light of the multiple pending motions before the court, the Magistrate Judge has vacated the May 19, 2015 trial date and discovery will remain open until such motions are resolved. (Filing No. 276). Thus, granting Plaintiffs an extension to supplement their 26(a)(2)(C) disclosures would not risk disrupting trial. Plaintiffs therefore have **twenty-one (21) days** to supplement their 26(a)(2)(C) disclosures for treating physicians consistent with this Entry.

### B. Rule 26(a)(2) Disclosure of Kevin Potter

LG argues that Plaintiffs failed to disclose Kevin Potter's qualifications as an engineer, including a list of publications authored in the previous ten years and a statement of compensation to be paid for his inspection and testimony, all in violation of Rule 26(a)(2)(B). Plaintiffs, however, disclosed Potter, and every other witness on the list, pursuant to 26(a)(2)(C). (*See* Filing No. 185-1). LG does not challenge the disclosure on 26(a)(2)(C) grounds, such as whether Plaintiffs' adequately summarized the facts and opinions to which Potter will testify, or whether Potter was in fact a non-retained witness. Therefore, the court **DENIES** LG's motion to bar Kevin Potter from testifying.

### C. Rule 26(a)(2) Disclosure of Steve Huston

Lastly, LG seeks to bar Steve Huston, owner of Paul Davis Restoration and Remodeling of Northwest Indiana, from testifying to the costs of effectuating the water and mold remediation to the extent that such testimony involves "open items." The 26(a)(2)(C) disclosure for Huston provides that he will testify to estimated "set costs" of approximately $35,000 and to "open item" costs in the range of $45,000 to $75,000. (Filing No. 185-1 at 2). Huston's estimate itemizes the expected set costs for a sum of $36,539. (Filing No. 185-2 at 23). Open costs, as Huston explains, refer to the unknown and therefore unquantifiable costs that may arise in the course of mitigation and reconstruction of this nature. (*See* Filing No. 185-2 at 2, 26 (explaining the difficulty of

10

providing anything more than an "open estimate," and comparing the latent damages associated with mold to those associated with fire)).

LG objects to the disclosure of Huston to the extent he intends to testify to open costs because the $45,000 to $75,000 range appears nowhere in his estimate. They suggest that this number reflects an arbitrary amount selected by Plaintiffs' counsel. Plaintiffs counter that Huston indicated this range to them in the course of dealing with him as their contractor. For the purposes of a 26(a)(2)(C) disclosure, the court finds that the summary of Huston's expected testimony and the attached materials put LG on sufficient notice as to his expected testimony. LG may find Huston's estimates implausible, but the plausibility of proposed testimony has no bearing on whether the witness must be excluded for insufficient disclosure under Rules 26(a) and 37(c). Moreover, LG provides the court with no reason to believe that it has not had ample opportunity to depose Huston or employ a rebuttal witness. Therefore, the court **DENIES** LG's motion to bar Steve Huston from testifying.

### III. Conclusion

For the reasons set forth above, LG's Motion to Bar Plaintiffs' Expert Witnesses (Filing No. 185) is **DENIED**. Plaintiffs have **twenty-one (21) days** from the date of this Entry to supplement the expert disclosures for Dr. Knoll, Dr. Epstein, Dr. Whitaker, and Dr. Buckel, consistent with this Entry.

**SO ORDERED** this 26th day of March 2015.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.